**26**

**JUDSON ROBERTS COMPANY, Inc.,**
**Respondent,**

v.

**SEABOARD ALLIED MILLING COR-**
**PORATION, Appellant.**

**No. 25012.**

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

John C. Noonan, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for appellant.

Jim T. Reid, Shockley, Reid & Koger, Kansas City, for respondent.

MAUGHMER, Commissioner.

Action to collect damages for alleged breach of a written contract. Trial to the court resulted in a judgment for plaintiff in the sum of $683.03. Defendant appeals on the single assignment that it was error to enter judgment against defendant for the reason there was no proof that plaintiff was damaged and if so, no evidence as to the amount of such damages.

Plaintiff, Judson Roberts Company, Inc., creates, designs and produces a "Management-Employee Relations Program." It is a printed composition planned to improve the relations of employer and employee. One edition consists of 10 chapters. The chapters are delivered and distributed approximately five weeks apart. An edition of 10 chapters therefore covers one whole year. The suggested format of each chapter is usually submitted to the purchaser, who has the privilege of modifying it before final preparation and production.

Plaintiff's petition alleges that on or about August 27, 1964, plaintiff and defendant entered into a written contract whereby plaintiff sold and defendant purchased one edition or a one year's program for the sum of $675; that this first year's agreement was fully performed by both parties; that the written contract "provided for continuation of said services unless canceled 60 days prior to August 27, 1965", for an additional year. Defendant did not cancel in conformity with this provision. Plaintiff alleges further that it "printed, prepared and completed" the material for the second year and shipped the first of the ten installments to defendant; that defendant then advised plaintiff that it would accept no shipments for the second year and would not pay for any such shipments. Plaintiff said the material it prepared for the second year was "tailored and personalized" for each client and therefore has no salvage value. Plaintiff prayed for damages in the amount of $683.03, made up of $675, the contract price for one year, and $8.03, the cost of parcel post for shipping the first installment.

Only two witnesses testified at the trial—one for each litigant. Mr. Michael Scavo testified that he was employed as a salesman for plaintiff company; that in August, 1964, he visited the offices of defendant company, was referred to Mr. Mohler, vice-president and sold the service. The sales agreement was incorporated into a written contract which was signed by Mr. Scavo for the Judson Roberts Company and by Mr. W. D. Mohler, vice-president of the Seaboard Allied Milling Company. This written contract clearly provided for the sale of one year's service and there is no controversy as to this first year's edition. It was furnished, received and paid for. Mr. Scavo said Judson sent chapter one for the second year; that Seaboard refused to accept and denied any liability for a second year's supply. Mr. Scavo was told by officials at Judson and he testified that chapter one for the second year had been sent but that Seaboard refused to accept it and denied any liability for a second year's sup-

ply. While the testimony was based on hearsay, there was no dispute as to these occurrences. The written contract, photostat of which is in evidence, contained the following printed statement:

"Upon completion of the shipping schedule noted, like quantities of succeeding series will be shipped at the *same price,* terms and conditions shown above, unless written notification is given by registered mail, either party to the other, not less than *sixty days prior* to any anniversary date of this order."

As noted in the above quotation, the words "same price" and "sixty days prior" appear to be underlined. Mr. Scavo said he personally made the underlinings. Defendant contends the lines were made for the purpose of striking out the words which appear to be underlined. The witness Scavo said he underscored the phrases "same price" and "sixty days prior" so that the customer would be sure to understand about the renewal. On cross-examination Mr. Scavo was asked about the cost of the posters. He said he had not the slightest idea of the cost nor the cost of any one chapter. Mr. Scavo also said he did not know how many chapters had been sent for the second year. No further testimony or evidence was offered by plaintiff.

Mr. W. D. Mohler, vice-president of Seaboard Company testified that he signed the contract but that before doing so he wanted to be sure that the agreement was for only one year and that Mr. Scavo said "We will take care of it" and struck out the "sixty days notice" and the "same price." Mr. Mohler stated that his company received a series of posters from plaintiff company in September, 1965; that he immediately wrote plaintiff a letter requesting that shipment of the posters be stopped. He said they received no further shipments. He said defendant gave no notice to plaintiff company, notifying it not to send the second year's service in accordance with the renewal provision of the original contract.

No further evidence was presented. After having had the matter under advisement for a time, the court entered judgment for plaintiff in the sum of $683.03, the amount asked for in plaintiff's petition and apparently consisting of $675 (contract price for the second year's service) and $8.03 (alleged parcel post expense).

In its brief filed with this court plaintiff makes the following concession: "Counsel for respondent are of the opinion that appellant's position that the evidence of damage herein is insufficient to justify an award of any substantial damages is well taken. This being true, it follows that counsel for respondent must concur in appellant's request that the matter be remanded." It is plaintiff's position that the cause should be remanded for trial as to damages only. Defendant asks for an outright reversal.

■ This being a court tried case we must review the evidence and reach our own conclusions. However, it is our duty to accord due deference to the conclusions of the trial judge, especially as to credibility of the witnesses, and if the proper overall result has not been reached, we should correct the error. The trial court apparently accepted the version of plaintiff's witness, Michael Scavo, as to the agreement reached by the parties. From our examination of the photostat of the contract it appears to us that the disputed markings thereon are underlinings rather than deletions— are under rather than through the words. The finding of the trial court as to liability is supported by the evidence and we concur in that result.

■ We do not believe that plaintiff is entitled to recover the full contract price, plus parcel post expense for delivery of one segment, where full performance was not made, and where there is no proof as to the actual amount of damages sustained because of the breach. 22 Am.Jur., Damages, par. 54, p. 83 tells us:

"If, on the breach of a contract promise the non-defaulting party (the promisee) is seeking damages to protect his expectation interest—that is, asking to be placed in the same financial position in which he would have been placed had the promisor performed—the loss or injury sustained because of the breach, rather than the price agreed to be paid on full performance, is the general measure of damages. Simply because those damages are difficult to ascertain is no reason to allow recovery of the contract price."

The same authority at par. 24, p. 43 says:

"The principle which will not allow the recovery of damages when their existence rests solely on speculation applies both to the fact of damages and to their cause. Thus, a plaintiff cannot recover damages by proving only that the defendant has unlawfully violated some duty owing to plaintiff, leaving the trier of fact to speculate as to the damages; he must go further and prove the nature and extent of the damage suffered by the plaintiff and that the breach of duty was the legal cause of that damage."

In Kopff v. Deves, Mo.App., 324 S.W.2d 768, 772, plaintiff had the contract to install the plumbing in 29 houses which were to be erected by defendant in a new addition. Plaintiff did the work in six of the houses but was not permitted to proceed with the other twenty-three. Plaintiff testified he estimated his profits on the six completed houses at $350 per house and that he would have netted an equal amount on the remaining houses had he been permitted to do the plumbing work in them. Plaintiff had judgment in the amount of $2200. On appeal the court said:

"Evidence of the cost of doing the plumbing work and supplying materials required was certainly susceptible of proof. This would have constituted sufficient evidence, for all the jury would have to do is to subtract the cost of completing the work from the contract price to arrive at the anticipated profit (Sides v. Contemporary Homes, Mo.App., 311 S.W.2d 117), but they were not afforded

any such guide by the evidence presented. Here the plaintiff relied upon what he estimated his profit to have been on the first six houses. This was not satisfactory evidence of what the profit had been when it was subject to exact proof. Exact proof should have been required."

In Tnemec Company v. North Kansas City Development Company, Mo.Sup., 290 S.W.2d 169, 174, the Supreme Court stated:

"Not only was it essential that plaintiff should show it suffered damages as a result of the alleged delay but the law is also well settled that damages may be recovered for loss of profits due to the breach of a contract if the evidence is sufficiently certain and definite to warrant the jury in estimating their extent. This court and the courts of appeals of this state have been strict in evaluating the sufficiency of the evidence warranting a recovery of damages for loss of profits. Our courts have refused to permit a jury to speculate, without substantial basis, as to what might be probable or expected profits as an element of damages. (citing cases)."

The award of the contract price for a full year, plus the pleaded parcel post expense of $8.03 is without any support in the evidence. There is not a scintilla of proof that plaintiff suffered a loss of $675 because of defendant's breach of the alleged renewal agreement. There is no actual proof that plaintiff incurred even the parcel post expense of $8.03—only the assertion in the petition that it did so. The amount of the judgment could only have been arrived at by resort to guess, speculation and conjecture. The plaintiff made no effort to produce evidence on the measure of damages and on appeal confesses that such failure constitutes reversible error. However, it appears probable that plaintiff might be able to produce proper evidence as to the amount of its damages. We believe it should be given an opportunity to do so. If plaintiff is unable to show any actual damages, then its right to recover nominal damages should be considered. 25 C.J.S. Damages §§ 9–10, page 638–641. The judgment will therefore be reversed and the cause remanded for retrial on the issue of damages only.

Reversed and remanded for new trial as to damages only.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.