**SUNNY BAER COMPANY, INC.,**
**Plaintiff-Appellant,**

v.

**William SLATEN and Ossie B. Slaten,**
**Defendants-Respondents.**

**No. 41767.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 20, 1981.

Vincent E. Hartigan, Jr., St. Louis, for plaintiff-appellant.

Chackes & Hoare by Kenneth M. Chackes, St. Louis, for defendants-respondents.

SATZ, Presiding Judge.

In this cause, Sunny Baer Co., Inc., sued defendants, William and Ossie Slaten, for breach of contract. Under the terms of the contract, plaintiff was to repair defendants' fire-damaged building for $4,800. Defendants paid plaintiff only $2,500. In its suit, plaintiff alleged complete performance of the contract and sought the $2,300 balance due on the contract price.[1] Defendants counterclaimed. Defendants alleged that plaintiff failed to perform up to contract standards and sought damages resulting from plaintiff's breach. The jury returned a verdict against plaintiff on its claim and returned a verdict in favor of defendants on their counterclaim in the amount of $2,500.

Plaintiff raises several points on appeal. Only one of these points has merit. That point goes to the issue of damages only. All of plaintiff's other points would require a reversal and remand for an entire new trial. Those points, however, are without merit. Accordingly, for the reasons which follow, we reverse and remand for a new trial on the issue of damages only.

We first address plaintiff's asserted grounds which would require an entire new trial. Plaintiff argues the jury verdicts were against the weight of the evidence. This ground is not cognizable on appeal. "Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone." *Wilcox v. Coons*, 362 Mo. 381, 241 S.W.2d 907, 917 (1951); *Neavill v. Klemp*, 427 S.W.2d 446, 450 (Mo.1968).

Plaintiff next contends MAI 2.02, the "facts not assumed" instruction,[2] was not given in proper order. At the time of trial, this instruction was required to be given as the next to last instruction, "immediately before the Form of Verdict Instruction." MAI 2.02, Notes on Use (1980 Supp.). In the present case, the instruction was given fifth among twelve instructions. Plaintiff claims the failure to follow MAI was prejudicial error and cites *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317 (Mo. banc 1975) as controlling. Contrary to plaintiff's contention, however, subsequent decisions narrowly limited the meaning of *Crystal Tire* and the recent revision of MAI rendered *Crystal Tire* meaningless.

*Crystal Tire* involved multiple defendants with numerous cross claims. In that case, MAI 2.02 was given as the second instruction among twenty-two other instructions. The complexity of the issues and the number of instructions in *Crystal Tire* may well have required a rigid adherence to the sequence in which MAI 2.02 had to be given. Subsequent decisions, however, have demonstrated this sequence may be varied without prejudice in less complex cases. *E. g., Morse v. Johnson*, 594 S.W.2d 610, 616 (Mo. banc 1980); *Doyle v. St. Louis—S.F. Ry. Co.*, 571 S.W.2d 717, 724–725 (Mo.App.1978). In the present case, there were only two claims and MAI 2.02 was given fifth among twelve instructions. This sequence could not have misled the jury. *Salsberry v. Archibald Plumbing and Heating Co.*, 587 S.W.2d 907, 916 (Mo.App.1979). Furthermore, MAI now recognizes that the sequential order of this instruction is best left to the good sense and sound discretion of the trial judge. MAI 2.02, Notes on Use (1980 Revision). Plaintiff was not prejudiced by the sequence of instructions here.

> "The court does not mean to assume as true any fact referred to in these instructions but leaves it to you to determine what the facts are."

1. Plaintiff also sought to recover $280 for additional work allegedly agreed to by defendants.

2. MAI 2.02 reads:

Plaintiff also attacks several other instructions. Plaintiff complains that defendants were allowed two converse instructions against plaintiff's single verdict director. Plaintiff fails to designate the offending instructions. We assume plaintiff refers to Instructions 7 and 8 which were similarly worded.[3] These are not, however, two converse instructions. Instruction 7 is a proper converse to plaintiff's verdict director and Instruction 8 is plainly the defendants' verdict director on their counterclaim. Thus, there was no error in giving these two instructions.

Plaintiff also argues the court used an instruction submitted by defendants as plaintiff's verdict director. No assertion is made that the instruction was erroneous. In any event, the record clearly shows plaintiff's verdict director, Instruction 6, was submitted by the court.[4]

■ Plaintiff next complains because the names of the parties were used in the instructions. The use of the name of a party in an instruction instead of the term "plaintiff" or "defendant" is expressly authorized. MAI, How to Use This Book, Use Of Terms Plaintiff and Defendant (1981). Thus, the use of the parties' names in the present instructions was not error. *Price v. Bangert Brothers Road Builders, Inc.,* 490 S.W.2d 53, 57 (Mo.1973).

Plaintiff's final complaint does have merit. Plaintiff complains there was no substantial evidence to support the measure of damages submitted by defendants. We agree.

■ Defendants' theory of recovery was breach of contract. In breach of contract cases, the goal of compensation is to award "a sum which is the equivalent of performance of the bargain—[it is] the attempt to place the [injured party] in the position he would be in if the contract had been fulfilled." McCormick, *Damages,* § 137, p. 561 (1935). To achieve this goal when a building repair contractor has breached his contract, two measures of damages are commonly used. "The first measure, called the 'cost' rule, is the cost of completing the work promised by the contractor or the cost of repairing it where the work is defective." Dobbs, *Remedies,* § 12.21, pp. 897–898 (1973). *See, e. g., Burger v. Wood,* 446 S.W.2d 436, 442 (Mo.App.1969). The second

---

3. These instructions read as follows:
  "Instruction No. 7—'Your verdict must be for defendant Slaten and against plaintiff Sunny Baer Company, Inc., on plaintiff's claim for damages if you believe:
  First, the plaintiff agreed to work on defendant's property and to complete the work in a first class workmanlike manner according to standard practice and to the satisfaction of defendant Slaten, and
  Second, the work was not completed in a first class workmanlike manner according to standard practice or, defendant Slaten, acting in good faith, not arbitrarily or capriciously, and as would a reasonable person, determined that plaintiff's work was not satisfactory.'
  M.A.I. 26.06 (Modified), Offered by Defendant."
  "Instruction No. 8—'Your verdict must be for defendant Slaten on defendant's counterclaim if you believe:
  First, plaintiff agreed that the work on defendant's property would be completed in a first class workmanlike manner according to standard practice or done to the satisfaction of defendant Slaten, and
  Second, plaintiff failed to perform the work in a first class workmanlike manner accord-

ing to standard practice or that defendant, acting in good faith, not arbitrarily or capriciously, and as would a reasonable person, determined that plaintiff's work was not satisfactory, and
  Third, defendant Slaten was damaged.'
  M.A.I. 26.06 (Modified), Offered by Defendant."

4. This instruction reads:
  "Your verdict must be for Plaintiff Sunny Baer Company, Inc. on its claim for damages if you believe:
  First, defendant agreed to pay plaintiff for work on defendant's property, said work to be completed in a first class workmanlike manner according to standard practice, and
  Second, defendant failed to pay when the work was completed in a first class workmanlike manner according to standard practice, and
  Third, plaintiff was thereby damaged, unless you believe that plaintiff Sunny Baer Company, Inc. is not entitled to recover by reason of Instruction No. 7 [defendant's converse instruction].
  M.A.I. 26.06 (Modified), Offered by the Court."

measure, called the "value" rule, is the difference between the value of the building as promised and its value as actually constructed. *See, e. g., Kahn v. Prahl,* 414 S.W.2d 269, 282–283 (Mo.1967); Dobbs, *supra* at p. 897. Apparently, defendants' instruction on damages was an attempt to submit the cost of repairs as the measure of damages here.[5] Obviously, to compute this damage, the cost of repairing plaintiff's defective work must first be shown. Defendants did attempt to prove the cost of repairing the defective work through a properly qualified witness, a general contractor, but, for reasons not relevant here, they were unable to do so. Now, on appeal, defendants attempt to use other evidence to establish the cost of repairing the defective work and, by their computation, attempt to justify the $2,500 award of damages.

Defendants' uncontradicted evidence showed the value of the work done by plaintiff to be $1,500. Defendants then reason that, because the original contract price for repair was $4,800, it would have cost $3,300 ($4,800 - $1,500 = $3,300) to repair the defective work of plaintiff. The $2,500 award was within this $3,300 and, therefore, defendants argue, the award was properly "within the range of evidence presented to the jury."

Defendants' reasoning is based upon an assumption which is not supported by the record. There was no showing the contract price would necessarily determine the cost of repairing plaintiff's defective work. The work needed to repair the defective work may or may not be the same work contemplated by the original contract and, thus, the cost of repairing the defective work is not necessarily a function of nor dependent upon the original contract price. At best, the jury's award was speculation. For the sake of judicial economy, we would prefer to accept the original contract price as establishing the cost of repairing the defective work, but this acceptance cannot be justified by law or logic. Unfortunately for defendants, they failed to establish the cost of repairs submitted to the jury.[6]

Defendants' failure to prove the cost of repairs, however, does not mean that defendants failed to make a submissible case. In contract cases, proof of the contract and of its breach gives rise to nominal damages and, thus, a submissible case is made regardless of the failure to prove actual damages. *E. g., Hotchner v. Liebowits,* 341 S.W.2d 319, 326 (Mo.App.1960). Defendants here proved the contract and its breach and, thus, made a submissible case. Moreover, defendants proved damages other than the cost of repairs. As noted, defendants' uncontradicted evidence showed the value of plaintiff's work to be $1,500. Defendants' evidence also showed they paid plaintiff $2,500. On this evidence, defendants would be entitled to recoup $1,000 ($2,500 - $1,500 = $1,000). *See,* Dobbs, *supra* at 910–912 (1973). While defendants' damage instruction did not contemplate this kind of damage, a liberal interpretation of the pleadings would permit its recovery. Thus, defendants did not fail to prove an essential element of their cause of action; rather they simply proved one kind of dam-

---

5. Defendants' instruction on damage reads:
   " 'With respect to defendant Slaten's counterclaim, if you find the issues in favor of defendant, then you must award defendant Slaten an amount which will fairly and reasonably compensate him for the costs necessary to correct any defects in the building due to defective materials or unskilled labor or items omitted by plaintiff in the performance of the contract.'
   Not in M.A.I., Offered by Defendant."

6. Even assuming the cost of repairing the defective work to be $3,300, this figure *still* would not accurately represent defendants' actual damages. To place defendants in the position they would have been in had the contract been fulfilled requires deducting from the cost of repairs the amount unpaid upon the original contract price. McCormick, *Damages,* § 169, p. 651. *See, e. g., Banner Iron Works v. AMAX Zinc Co., Inc.,* 621 F.2d 883, 889–901 (8th Cir. 1980). This deduction is appropriate regardless of whether the "cost" or "value" rule is used to measure damages. McCormick, *supra,* § 169, at p. 649. Defendants here had paid only $2,500 on the contract price of $4,800, leaving an unpaid balance of $2,300. Thus, even assuming the cost of repairs to be $3,300, defendants' actual damages would be $1,000; i. e., $3,300 - $2,300 = $1,000.

age and submitted on another kind. In comparable cases, rather than reversing the judgment and remanding the cause for entry of a new judgment for nominal damages, our courts reverse and remand the cause for a new trial on damages only. *Judson Roberts Co. v. Seaboard Allied Milling Corp.*, 435 S.W.2d 26, 29 (Mo.App.1968); *But see, Duncan v. Kelly*, 435 S.W.2d 29, 35 (Mo.App.1968).

Accordingly, we reverse and remand for a new trial on the issue of damages only.

SMITH and SIMON, JJ., concur.