**Ex parte Roy Dominguez DUTCHOVER, Applicant.**

**No. 70836.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 1, 1989.

Roy Dominguez, pro se.

Robert Huttash, State's Atty., Austin, for the state.

## OPINION

PER CURIAM.

This is a postconviction petition for habeas corpus relief pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of the offense of indecency with a child and assessed twenty five years to serve in the Texas Department of Corrections.

Applicant contends he was "unconstitutionally deprived of his right of confrontation and due process and due course of law on both federal and state grounds guaranteed by the Texas Constitution, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution when the video tape of complainant was admitted into evidence under V.A.C.C.P. Article 38.071 § 2." He invokes our decision in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987).

In *Long* this Court held that Article 38.-071, § 2, supra, was "facially" unconstitutional as violative of 1) Sixth and Fourteenth Amendment right of confrontation; 2) right of confrontation as guaranteed under Art. I, § 10 of the Texas Constitution; 3) due process under the Fourteenth Amendment, and 4) due course of law as guaranteed under Art. I, § 19 of the Texas Constitution.

■ We consider first applicant's claims premised upon the Texas Constitution. In *Ex parte Truong*, 770 S.W.2d 810 (Tex.Cr. App.1989), we essentially held that an allegation of error which, though of state constitutional dimension, is nevertheless subject to a harm analysis under Tex.R.App. Pro., Rule 81(b)(2), "is at best voidable, and as such is not subject to a collateral attack by writ of habeas corpus." *Id.*, at 813. In *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr. App.1988), we held in no uncertain terms that error in admitting videotaped testimony under Article 38.071, § 2, supra, is subject to a harm analysis under Rule 81(b)(2). Consonant with our holding in *Ex parte Truong*, supra, we now hold applicant's claims, insofar as they depend upon Art. I, §§ 10 and 19 of the Texas Constitution, are not cognizable in a postconviction writ of habeas corpus brought pursuant to Article 11.07, supra.*

■ Turning to his federal constitutional claims, we hold applicant has failed

to allege facts which, if true, would entitle him to relief.

Recently the Court held that a contemporaneous objection is required to preserve *Long* error for purposes of obtaining collateral relief under Article 11.07, supra. *Ex parte Crispin*, 777 S.W.2d 103 (Tex.Cr. App.1989) (Plurality Opinion). Applicant does not allege he objected "when the video tape of complainant was admitted into evidence" at his trial. In the absence of an objection, applicant would not be entitled to the relief he seeks.

Furthermore, applicant fails to allege facts showing in context of his particular trial the *Long* error was not harmless beyond a reasonable doubt. In *Ex parte Maldonado*, 688 S.W.2d 114 (Tex.Cr.App. 1985), the Court declined to entertain an application for writ of habeas corpus pursuant to Article 11.07, supra, which alleged fundamental defect in the court's charge to the jury. Recognizing that since *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), a fundamentally defective jury charge would provide a basis for post-conviction habeas relief, notwithstanding *Ex parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App. 1978), the Court nevertheless dismissed Maldonado's application without prejudice for failure to allege reasons the purported jury charge error operated, in context of his trial, to deny him a fair and impartial trial. See also *Ex parte White*, 726 S.W.2d 149 (Tex.Cr.App.1987).

■ We are aware that in *Ex parte Maldonado*, supra, a showing of harm was an actual component of the constitutional error, such that failure to allege the requisite harm amounted to a failure to state facts establishing error of constitutional proportion. Here applicant's constitutional right to confront his accuser would be denied the moment the jury was allowed to view the videotape, and no further showing (other than that he objected) is necessary to estab-

---

* We recently held in *Ex parte Hemby*, 765 S.W.2d 791, at 794 (Tex.Cr.App.1989), that *"Long v. State*, supra, is to be afforded complete retroactive effect." Obviously, in view of our holding here today, "retroactivity" of state constitutional claims under *Long* becomes a moot issue. To the extent that it speaks to retroactivity of the federal constitutional facets of *Long v. State*, supra, of course, *Ex parte Hemby*, supra, remains unaffected by our present holding. But see *Ex parte Crispin*, supra (Clinton, J., concurring) (Questioning cognizability of *Long* error under Article 11.07, supra, *Hemby* notwithstanding.)

lish constitutional error. Such error is susceptible, however, to a harmless error analysis. *Mallory v. State,* supra. Harmless constitutional error provides no basis for relief in habeas corpus. *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). It is true that in a direct appeal from a criminal conviction, any error mandates reversal "unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." Tex.R.App.Pro., Rule 81(b)(2). In a collateral attack, however, where the burden is upon the applicant to establish the illegality of his restraint, we deem it appropriate to require an applicant to plead and prove facts showing the error did in fact contribute to his conviction or punishment. *Ex parte Crispin,* supra, at 109, n. 6 (Clinton, J., concurring). No less than in *Maldonado,* harm must be alleged and demonstrated before a habeas petitioner raising error under *Long v. State,* supra, will be entitled to relief on collateral attack.

This application is therefore dismissed without prejudice to file a new application in accordance with this opinion.

It is so ordered.

MILLER, J., concurs with the following note:

To reiterate, with emphasis, what we said in *Ex parte Crispin,* 777 S.W.2d 103 (Tex.Cr.App., 1989) (Plurality Opinion):

"The scholarly remarks of our brother Clinton, in his concurring opinion, concerning the criteria of cognizability of habeas corpus claims in state courts will doubtless be revisited *when the issue is squarely before the court.*"

At 105. Because the issue is not before us at this time, I join the majority opinion.

TEAGUE, J., dissents.

CLINTON, Judge, concurring.

I agree this post-conviction application for habeas corpus should be dismissed. I would not leave applicant with the impression, however, that allegation and proof that an objection was made and that harm

accrued would in fact entitle him to relief in some future application. I have already expressed the view that whether reversible error occurred under the federal constitutional component of *Long v. State,* 742 S.W.2d 302 (Tex.Cr.App.1987), is not a cognizable issue pursuant to Article 11.07, V.A.C.C.P. *Ex parte Crispin,* 777 S.W.2d 103 (Tex.Cr.App., 1989) (Clinton, J., concurring). The Court should at least resolve this threshold question of cognizability before putting applicant to the onus of repleading.

In *Crispin* I urged the Court to relinquish any residual notion that we are required to review federal constitutional claims in post-conviction habeas corpus on the theory that constitutional error deprives the convicting court of jurisdiction, thus rendering the conviction "void." Though we may nevertheless choose for whatever reason to review federal constitutional claims on collateral attack, certainly this Court is not beholden to the federal courts to do so. "It seems all but certain that states are not compelled by any provision of the federal constitution to provide post-conviction collateral avenues for vindication of federal constitutional rights. [citations omitted.]" *Ex parte Crispin,* at p. 107. This Court can decide to review all claims of federal constitutional dimension, or to review none. As it is we purport to review every claim of "denial[ ] of fundamental or constitutional rights[,]" *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Cr.App. 1989), making *ad hoc* determinations regarding whether a particular claim is retroactive or subject to procedural default.

It seems to me that the State's considerable interest in the finality of judgments would justify our holding something less than the entire gamut of federal constitutional claims to be available in state collateral attack. Cf. *Mackey v. United States,* 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring and dissenting) (Finality concerns justify nonretroactivity of "new" constitutional rules on collateral attack in federal court, except under narrowly defined exceptions). Also *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 103

L.Ed.2d 334 (1989). It would behoove the Court to articulate general principles for culling out those claims of sufficient character or magnitude as to overcome this interest in finality. Such principles likely would embrace many of the same considerations that presently go into our helter-skelter determinations regarding retroactivity and procedural default, "[t]he relevant frame of reference" being ultimately "the purposes for which the writ of habeas corpus is made available." *Mackey v. United States*, 401 U.S. at 682, 91 S.Ct. at 1175, 28 L.Ed.2d at 414. In *Crispin* I suggested the Court could limit cognizability of federal constitutional claims under Article 11.07, supra, as a general rule:

> "to 'exceptional' constitutional defects so 'fundamental' as not to be susceptible to a determination of harm, such as those identified in *Rose v. Clark*, 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460, 470 (1986). [footnote omitted.] It is only '[e]rrors of this kind [that] justify collateral relief no matter how long a judgment may have been final and even though they may not have been preserved properly in the original trial.' *Rose v. Lundy*, 455 U.S. [509,] at 544, 102 S.Ct. [1198,] at 1217, 71 L.Ed.2d [379,] at 404 [ (1982) ] (Stevens, J., dissenting) (footnotes omitted)."

At p. 108–09. It may be that applicability of a constitutional harm analysis would prove too inflexible a criterion for cognizability to accommodate the collective judgment of the Court regarding which constitutional claims are sufficiently grievous to trump otherwise persuasive finality interests.* A given applicant may be able to show to the satisfaction of the Court both a constitutional violation and such attendant harm as to impugn fundamental fairness of the whole proceeding against him. If the defect was not one he could have raised by due diligence in the ordinary course of appellate review, the Court might well choose to hold that the State's interest in finality of judgments must give way. Under those circumstances I would agree with the ma-

jority's requirement today that the harm be alleged and proven by the applicant. I would also require an allegation of reasons the defect could not have been raised in due course of appeal.

In any event, some principled basis for making threshold determinations of cognizability of federal constitutional claims under Article 11.07, supra, is sorely needed.

---

* I agree with Judge Teague that "issues of double jeopardy and ineffective counsel, for example, have special problems." *Ex parte Truong,* 770 S.W.2d 810, 814 (Tex.Cr.App.1989) (Teague, J., dissenting).