IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-50,786-02 & WR-50,786-03





EX PARTE FRANKLIN DEWAYNE ALIX







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 787457 FROM THE


174
TH DISTRICT COURT OF HARRIS COUNTY





Per Curiam.


ORDER



 This is a subsequent application for habeas corpus filed pursuant to Texas Code of
Criminal Procedure, Article 11.071, Section 5.

 Applicant was convicted of capital murder on September 2, 1998. On direct appeal
we affirmed the conviction and sentence. Alix v. State, No. 73,210 (Tex.Crim.App. March
13, 2000). On June 27, 2000, applicant filed his initial application for writ of habeas corpus
pursuant to Article 11.071. We denied relief. Ex parte Alix, No. WR-50,786-01
(Tex.Crim.App. December 19, 2001). Applicant then filed this subsequent application
alleging constitutional errors in his trial stemming from improper procedures in the Houston 


 Alix -2-


Police Department (HPD) Crime Lab. We determined that the application met the
requirements for consideration of subsequent claims under Article 11.071, Section 5(a)(1),
and remanded the case to the convicting court for resolution of the claims. The convicting
court reviewed exhibits submitted by the parties and entered findings of fact.

 Applicant was found guilty of the capital murder of Eric Bridgeford. Applicant
engaged in a six-month-long violent crime spree that included the capital murder of Eric
Bridgeford. The events on the evening that led to the capital murder of Eric began when
applicant approached Eric's sister. The jury heard of the aggravated robbery of Eric's sister,
her kidnapping and forced submission to applicant's aggravated sexual assaults before
applicant forced her to take him to Eric's room to steal items. There applicant culminated
this episode by murdering Eric Bridgeford, taking items from Eric's room, and stealing a car
that belonged to one of Eric's friends. During the punishment phase of trial, the State
presented extraneous-offense evidence of three capital murders, two attempted capital
murders, eight aggravated robberies, one robbery, and two aggravated sexual assaults
accompanied by four aggravated kidnappings. During the presentation of evidence about one
of these capital murders, an HPD Crime Lab chemist testified that she had recovered DNA,
which matched applicant, from a piece of gauze worn by the perpetrator. The wife of the
victim of this extraneous capital murder also testified and made an in-court identification of
applicant as the person who had murdered her husband.


 Alix -3-


 After questions about the procedures of the HPD Crime Lab surfaced, evidence from
this case, among others, was retested. The retesting did not confirm or negate the testimony
of the chemist as to this extraneous offense. Based on this ambiguous result, applicant filed
this subsequent application for writ of habeas corpus.

 On remand of this subsequent application, the convicting court found that, while
applicant may have been a contributor to the pertinent DNA, the testimony of the chemist
"should be deemed unreliable." Applicant argues that this amounts to exculpatory evidence
that was not divulged and to prosecutorial misconduct in using false testimony and urges that
he is therefore entitled to a new trial on punishment. The State has a duty to divulge
exculpatory or impeachment evidence; failure violates a defendant's right to due process. 
Brady v. Maryland, 373 U.S. 83 (1963); Hampton v. State, 86 S.W.3d 603, 612
(Tex.Crim.App. 2003). When the State uses testimony it knows to be false, the defendant
is denied due process. Napue v. Illinois, 360 U.S. 264 (1959); Ex parte Adams, 768 S.W.2d
281, 292 (Tex.Crim.App. 1989). On collateral review of such claims, it is the burden of the
applicant to not only show there is a material violation, Ex parte Dutchover, 779 S.W.2d 76
(Tex. Crim. App. 1989), but that the error contributed to his conviction or sentence. Brecht
v. Abrahamson, 507 U.S. 619 (1993).



 Alix -4-


 After reviewing all of the evidence presented in the trial of this case, we cannot say
that, had evidence to impeach the testimony of the HPD chemist as to this one extraneous
capital murder been divulged, there is a reasonable probability that the sentence would have
been different. We also conclude, beyond a reasonable doubt, that the introduction of the
testimony of the HPD chemist, even if false, did not contribute to the punishment. Therefore,
applicant's request for relief is denied.

 After the convicting court had resolved the issues upon which the case was remanded,
applicant filed another application for writ of habeas corpus entitled "Petitioner's Amended
Second Supplemental Habeas Corpus Petition and Motion to Conduct Discovery." The
convicting court properly identified this as a subsequent application and forwarded it to this
Court to determine if it met the requirements of Article 11.071, section 5, for consideration
of the claims. We have reviewed the amended application and find that it does not meet the
requirements of Article 11.071, Section 5; the amended second supplemental application is
dismissed as an abuse of the writ.

 IT IS SO ORDERED THIS THE 27TH DAY OF SEPTEMBER, 2006.

Do Not Publish