IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NOS. AP-76,891 & AP-76,892






Ex parte ANDREW KELLY ARGENT







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

FROM LIBERTY COUNTY





 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Price, Hervey,
Cochran, and Alcala JJ., joined. Johnson and Keasler, JJ., concurred. Meyers, J., not
participating.



 These applications for habeas corpus relief are before us for a second time.

 After receiving faulty advice from his trial counsel, the applicant rejected a plea bargain
of eight years' imprisonment for aggravated sexual assault and indecency with a child. Instead,
he waived trial by jury, pleaded guilty without an agreement, and received concurrent sentences
of twenty years' confinement. Later he filed habeas-corpus applications alleging that
constitutionally ineffective assistance of counsel caused him to reject the State's offer. 

 On the first submission, (1) we held that the standard for determining prejudice in cases of
ineffective assistance of counsel during the plea-bargaining process is that established by the
Supreme Court of the United States in Missouri v. Frye (2) and Lafler v. Cooper, (3) rather than a less
rigorous standard for prejudice that we set out in Ex parte Lemke. (4) Although states may supply
more rights and protections to defendants through their own laws than those given by their
federal counterparts, states may not interpret the federal Constitution in a way inconsistent with
the Supreme Court's interpretation. (5) Our opinion in Lemke was our best prediction of how the
Supreme Court would rule in such a case. It could not have been based on Texas case law
because ineffective assistance of counsel claims raised under the Texas Constitution are not
cognizable under article 11.07. (6) Further, in the context of ineffective assistance of counsel
claims, our state constitution usually does not supply any more protection than its federal
counterpart and may supply less. (7)

 We then remanded the applications to the convicting court for findings of fact and
conclusions of law -- specifically, whether the applicant proved a reasonable probability that: (1)
he would have accepted the earlier offer if counsel had not given ineffective assistance, (2) the
prosecution would not have withdrawn the offer, and (3) the trial court would not have refused to
accept the plea bargain. (8)

 The judge of the convicting court found that:

...there existed no reasonable probability that Applicant would have accepted the
offer of eight (8) years confinement, irrespective of trial counsel's deficient
representation, because Applicant's goal was to receive community supervision
rather than incarceration. 


While this court is not bound by the findings of the habeas court, we should follow them where
they are supported by the record. (9) We hold that this finding is supported. During the habeas
hearing, the applicant conceded that he was given papers that accurately stated the types of
community supervision for which he was eligible. Further, he gave inconsistent statements as to
why he wanted probation but not deferred adjudication. 

 Having found that the applicant would not have accepted the earlier plea bargain even
with effective assistance of counsel, we do not need to reach the rest of the findings.
Consequently, based upon the trial court's findings and conclusions and our own review of the
record, we deny relief on all grounds.

 

Delivered May 15, 2013.

Do not publish.

1. See Ex parte Argent, Nos. AP-76,891 & AP-76,892, 2013 LEXIS 532 (Tex. Cr. App. March 20, 2013). 
2. 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012).
3. 132 S. Ct. 1376, 182 L.Ed.2d 298 (2012).
4. 13 S.W.3d 791 (Tex. Cr. App. 2000) (Holding that, in the plea-bargaining process, an appellant is
prejudiced simply "by the missed opportunity of accepting such bargain and presenting it to the trial court for
consideration." No further showing, for instance that the offer would not have been revoked and would have been
accepted by the court, is needed) (overruled on other grounds). 
5. Argent, 2013 LEXIS 532, at *5; Danforth v. Minnesota, 552 U.S. 264, 277 (2008). 
6. Ex parte Dutchover, 779 S.W.2d 76, 77 (Tex. Cr. App. 1989).
7. Hernandez v. State, 988 S.W.2d 770, 772-73 (Tex. Cr. App. 1999).
8. Argent, 2013 LEXIS 532 at *8.
9. Lemke, 13 S.W.3d, at 796 (Tex. Cr. App. 2000).