ACCEPTED
13-15-00157-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/3/2015 3:22:38 PM
Dorian E. Ramirez
CLERK

**Cause No. 13-15-00157-CR**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/3/2015 3:22:38 PM
DORIAN E. RAMIREZ
Clerk

-------------------------------------------------------------------------------------

**EX PARTE SERGIO RODRIGUEZ CUELLAR**

-------------------------------------------------------------------------------------

APPEAL OF JUDGMENT IN CAUSE NO. CR-0541-03-A(1)
FROM THE 398TH JUDICIAL DISTRICT OF HIDALGO COUNTY, TEXAS
THE HONORABLE JUDGE LUIS SINGLETERRY, PRESIDING

-------------------------------------------------------------------------------------

**BRIEF OF THE STATE OF TEXAS/APPELLANT**

-------------------------------------------------------------------------------------

RICARDO P. RODRIGUEZ, JR.
Criminal District Attorney
Hidalgo County, Texas

MICHAEL W. MORRIS, ASSISTANT
Criminal District Attorney
Hidalgo County, Texas

HIDALGO COUNTY COURTHOUSE
Edinburg, TX 78539
Telephone #:  (956) 292-7600, ext. 8134
Facsimile #:  (956) 380-0407
michael.morris@da.co.hidalgo.tx.us
State Bar No. 24076880

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT WAIVED

## IDENTIFICATION OF PARTIES AND COUNSEL

APPELLANT certifies that the following is a complete list of the parties, attorneys, and all other interested persons regarding this matter:

APPELLANT in this case is the STATE OF TEXAS.

APPELLANT was represented at the habeas proceeding by RICARDO P. RODRIGUEZ, JR., Criminal District Attorney in and for Hidalgo County, Texas, 100 N. Closner, 3rd floor, Edinburg TX 78539, by his Assistant Criminal District Attorney MICHAEL W. MORRIS.

APPELLANT is represented on appeal by RENE GUERRA, Criminal District Attorney in and for Hidalgo County, Texas, 100 N. Closner, 3rd floor, Edinburg TX 78539, by his Assistant Criminal District Attorney, MICHAEL W. MORRIS.

APPELLEE is SERGIO RODRIGUEZ CUELLAR, APPLICANT.

APPELLEE was represented at the habeas proceeding by REYNALDO MERINO, at 1012 Martin Ave, Suite B, McAllen, TX, 78504.

APPELLEE is Pro Se on appeal.

# NOTES AS TO THE FORM OF CITATION

A.) Citation to the Clerk's Record will be to page number, *e.g.* CR 47 refers to Page 47 of the Clerk's Record.

B.) Citation to the First Supplemental Clerk's Record page number, *e.g.* 1SCR 47 refers to Page 47 of the First Supplemental Clerk's Record.

C.) Citation to the Second Supplemental Clerk's Record page number, *e.g.* 2SCR 47 refers to Page 47 of the Second Supplemental Clerk's Record.

# NOTE AS TO ORAL ARGUMENT

The State of Texas respectfully submits that oral argument in the case at bar would not serve to enlighten the Court further or illuminate the issues in that, because the facts and legal arguments are adequately presented in the briefs and record, the decisional process of the Court would not be significantly aided by oral argument. The State of Texas, therefore, respectfully submits that oral argument in the instant case is not necessary, and therefore waives oral argument.

Nonetheless, the State of Texas reserves the right to present oral argument should the Court grant oral argument.

# TABLE OF CONTENTS

Title Page ...................................................................................................i

Identification of Parties and Counsel................................................. ii

Note as to the Form of Citation...................................................... iii

Note as to Oral Argument ..............................................................iv

Table of Contents ...........................................................................v

Index of Authorities .......................................................................vi

Statement of the Case.................................................................. viii

Issue Presented...............................................................................ix

Statement of Facts...........................................................................x

Summary of Argument ................................................................ xiii

Argument and Authorities................................................................1

Issue One:

    *The trial court abused its discretion when granting Applicant Alfredo*
*Zuniga Gonzalez relief as the record does not support the trial court's*
*findings of fact or conclusions of law* ...........................................1

Conclusion ......................................................................................8

Prayer ..............................................................................................8

Certificate of Compliance ...............................................................9

Certificate of Service .......................................................................9

# INDEX OF AUTHORITIES

**U.S. Supreme Court Cases**

*Brady v. United States*, 397 U.S. 742, 748 (1970)......................................................3

**Texas Court of Criminal Appeals Cases**

*Alvarado v. State*, 853 S.W.2d 17 (Tex. Crim. App. 1993)......................................2

*Allridge v. State*, 850 S.W.2d 471 (Tex. Crim. App. 1991)   2

*Ex parte Brown*, 158 S.W.3d 449 (Tex. Crim. App. 2005)...................................2, 7

*Ex parte Crispen*, 777 S.W.2d 103 (Tex. Crim. App. 1989) ...................................5

*Ex parte Ducthover,* 779 S.W. 2d 76 (Tex. Crim. App 1989) .............................5, 7

*Ex parte Garcia*, 353 S.W.3d 785 (Tex. Crim. App. 2011) ................................2, 3

*Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002) ...................................5, 7

*Ex Parte Maldonado*, 688 S.W.2d 114 (Tex. Crim. App. 1985)..............................3

*Ex parte Wheeler*, 203 S.W.3d 317 (Tex. Crim. App. 2006) ...................................2

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) ................................2, 6, 7

*Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006) ........................................3

*Manzi v. State*, 88 S.W.3d 240 (Tex. Crim. App. 2002)...........................................2

*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) .........................................4

*Marin v. State*, 891 S.W.2d 267 (Tex. Crim. App. 1994)..........................................4

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) ...........................1, 8

*Roney v. State*, 623 S.W.2d 598, 601 (Tex. Crim. App. 1982) ................................4

*State v. Guerrero*, 400 S.W.3d 576 (Tex. Crim. App. 2013) .....................................3

**Texas Courts of Appeals Cases**

*Alexander v. State*, 137 S.W.3d 127 (Tex. App. Houston 1st Dist. 2004) ...............6

*Cruz v. State*,

 2001 Tex. App. LEXIS 6353 (Tex. App. Dallas Sept. 14, 2001)............................6

*Ex parte Mello*,

355 S.W.3d 827 (Tex. App.—Fort Worth 2011, pet. ref'd)......................................3

*Pipkin v. State*, 935 S.W.2d 213 (Tex. App.-Amarillo 1996) ...................................1

**Statutes and Constitutional Provisions**

TEX. CODE CRIM. PROC. art. 1.051(e). ..................................................................3, 7

TEX. CODE CRIM. PROC. art. 11.072....................................................................1

TEX. CODE CRIM. PROC. art. 11.072, § 6(a) ..........................................................2

TEX. CODE CRIM. PROC. art. 11.072, § 7................................................................1

TEX. CODE CRIM. PROC. art. 11.072, § 8................................................................1

TEX. CRIM. PROC. ART. 26.03 ...............................................................................6

TEX. CRIM. PROC. ART. 26.03 ...............................................................................5

TEX. CRIM. PROC. ART. 26.11 .............................................................................. 5

# STATEMENT OF THE CASE

Appellee (hereinafter referred to as "Applicant") was charged by indictment in cause number CR-0541-03-A for the following offense:

Count One................Evading Arrest with a Vehicle

(CR3). Applicant pled guilty to the charge and the trial court imposed a sentence of two years confinement in the State Jail Division of the Texas Department of Criminal Justice and a fine of $750.00. However, the trial court suspended Applicant's sentence and placed Applicant on community supervision for a period of five years. (CR 6-7).

Applicant subsequently filed an application for writ of habeas corpus with the trial court. (CR 11-17).

Applicant filed an amended application for writ of habeas corpus. (CR 20-56).

The trial court ordered a hearing on February 19, 2015. (CR 57).

The trial court filed its findings of fact and conclusions of law, granting Applicant relief. (1SCR 3-4).

The State then timely filed his notice of appeal with the trial court (CR 68-70), and is now before this Court by way a single point of error.

# ISSUE PRESENTED

<u>Issue One:</u>

*The trial court abused its discretion when granting Applicant Alfredo Zuniga Gonzalez relief as the record does not support the trial court's findings of fact or conclusions of law.*

**STATEMENT OF FACTS**

On February 25, 2003, the State charged Applicant with Evading Arrest with a Vehicle by way of indictment. (CR 33). On March 4, 2003, after Applicant entered a plea of guilty to Evading Arrest with a Vehicle, a State Jail Felony, the trial court imposed a sentence of two years confinement in the State Jail Division of the Texas Department of Criminal Justice and a fine of $750.00. However, the trial court suspended Applicant's sentence and placed Applicant on community supervision for a period of five years. (CR 6-7). When Applicant pled guilty on March 4, 2003, Attorney Robert Meza waived the service of the indictment two days prior to arraignment and the ten days of preparation by appointed counsel. (CR 42). Mr. Meza explained to the trial court that Applicant had just received a copy of the indictment and would be waiving the two days notice required by the Texas Code of Criminal Procedure. (CR 42). Mr. Meza also expressly waived the ten days preparation mandated by the Texas Code of Criminal Procedure. (CR 42). When asked how he was pleading to the charge of Evading arrest with a vehicle, a State Jail Felony, Applicant responded "Guilty". (CR 44). When asked if his plea was made freely and voluntarily, Applicant responded "Yes." (CR 44). Applicant's probation was ordered to run concurrent with the sentence in CR-0307-03-A. (CR 46). Before entering his guilty plea, Applicant signed the following documents: "Waiver of Rights, Consent to Stipulation of Evidence

and/or Testimony; Plea of Guilty or Nolo Contendere"; "Plea Admonishments." (CR 50-53). Applicant acknowledged that it was his signature on each of the preceding forms. (CR 43).

On November 11, 2014, Applicant subsequently filed an application for writ of habeas corpus with the trial court. (CR 11-17). On January 7, 2015, Applicant filed an amended application for writ of habeas corpus. (CR 20-56).

The trial court signed an order setting hearing for February 19, 2015. (CR 57). On the day of the hearing, the case was called and each signed announced ready to proceed on the application. (2SCR 3-7). Applicant's testimony at the hearing was substantially the same as that alleged in the amended application. (2SCR 3-7). The State contended that the claims alleged were waived, and even if not waived, the alleged deficiencies were of statutory rather than constitutional dimension. (2SCR 3-7). On March 10, 2015, the trial court filed its findings of fact and conclusions of law, granting Applicant relief. (1SCR 59-60).

The findings of fact of the trial court include the following:

A. Applicant was not served with a copy of his indictment, was not read the indictment, and did not waive the reading of the indictment.

B. Applicant was denied at least ten days to prepare with counsel and to file pretrial motions as required by the Texas Code of Criminal Procedure, and Applicant did not have enough time to adequately prepare for his trial.

The conclusions of law of the trial court include the following:

C. Applicant's plea and conviction complained of were made in violation of the Applicant's right to due process and right to counsel, in violation of the 5th, 6th and the 14 Amendments of the Constitution of the United States, Art. 1, sec. 10, 13 and 19 the Texas Constitution, and Texas Code of Criminal Procedure Art. 1.04, 1.05 and 1.051, and the Court so concludes.

(1SCR 3-4).

On March 31, 2015, the State timely filed his notice of appeal with the trial court (CR 68-70), and is now before this Court by way of a single point of error.

## SUMMARY OF ARGUMENT

The trial court abused its discretion when it granted Applicant's writ application. The grounds for relief are not cognizable by way of Application for writ of habeas corpus. The trial court's findings of fact are not supported from the record, and thus, will not be afforded 'almost total deference' by this Court. Upon *de novo* review of the trial court's conclusion of law, this Court will find that the legal conclusion is devoid of any support from the record as well.

## ARGUMENT AND AUTHORITIES

**Issue One:**

*The trial court abused its discretion when granting Applicant Sergio Rodriguez Cuellar relief as the record does not support the trial court's findings of fact or conclusions of law.*

**Argument:**

**A. Rules and Principles**

    **i.  Standard of Review**

Article 11.072 of the Texas Code of Criminal Procedure prescribes the procedure for an application for a writ of habeas corpus where an applicant seeks relief from an order or a judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PROC. art. 11.072. A trial court's decision whether to grant an application for habeas corpus is reviewed under an abuse of discretion standard. *Pipkin v. State*, 935 S.W.2d 213, 215 (Tex.App.-Amarillo 1996, pet. ref'd). An abuse of discretion occurs when a trial court acts without reference to any guiding principles or rules. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g).

In an Article 11.072 habeas proceeding, the trial judge is the sole finder of fact. *See* TEX. CODE CRIM. PROC. art. 11.072, §§ 7, 8 (trial court makes findings of

1

fact and issues order granting or denying relief, with losing party being permitted to appeal).  The highly deferential *Guzman* standard of review controls in such cases.  *Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  Under this standard, the appellate court affords almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor.  *Guzman*, 955 S.W.2d at 89.  A trial court's conclusions of law are reviewed *de novo*.  *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005).

An applicant's live, sworn testimony is a sufficient basis for upholding a decision to grant relief in an Article 11.072 habeas proceeding because the trial judge may believe any or all of a witness's testimony.  *Ex parte Garcia*, 353 S.W.3d at 789; *see Alvarado v. State*, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991).  Furthermore, reviewing courts will defer to a trial judge's factual findings that are supported by the record even when no witnesses testify and all of the evidence is submitted through affidavits, depositions, or interrogatories.  TEX. CODE CRIM. PROC. art. 11.072, § 6(a); *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006); *Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (deferential standard of review applies to trial court's resolution of historical facts from

2

conflicting affidavits). "If the resolution of the ultimate question turns on an application of legal standards, [the appellate] review[s] the determination de novo." *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd).

### ii. Applicable Law

"In a post conviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief." *Ex Parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). A guilty plea must be knowingly and voluntarily entered into in order to be Constitutionally valid. *See Brady v. United States*, 397 U.S. 742, 748 (1970). An applicant seeking habeas relief on the basis of an involuntary guilty plea must prove the claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). When a person attacks the validity of his prior guilty plea as reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). The written recitals are binding in the absence of direct proof they are false. *Id.*

Article 1.051(e) of the Texas Code of Criminal Procedure provides the following:

> An appointed counsel is entitled to 10 days to prepare for a
> proceeding but may waive the preparation time with the consent of the

3

defendant in writing or on the record in open court. If a nonindigent defendant appears without counsel at a proceeding after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a dispositive setting, may proceed with the matter without securing a written waiver or appointing counsel. If an indigent defendant who has refused appointed counsel in order to retain private counsel appears without counsel after having been given an opportunity to retain counsel, the court, after giving the defendant a reasonable opportunity to request appointment of counsel or, if the defendant elects not to request appointment of counsel, after obtaining a waiver of the right to counsel pursuant to Subsections (f) and (g), may proceed with the matter on 10 days' notice to the defendant of a dispositive setting.

TEX. CODE CRIM. PROC. art. 1.051(e). Unless the defendant waives this right, his appointed attorney—even an appointed attorney who replaces the originally appointed attorney—is entitled to 10 days preparation time; this requirement is not subject to harmless error analysis. *Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim. App. 1994). If the defendant is represented by more than one attorney, 10 days preparation for at least one of the defense attorneys is sufficient. *Roney v. State*, 623 S.W.2d 598, 601 (Tex. Crim. App. 1982); *Marin*, 891 S.W.2d at 272. This right must be expressly waived, as it is a "waivable-only right." *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). However, it is waivable only as a result of legislative design rather than by constitutional construction; it is waiver of a statutory right rather than of a constitutional right. *Id.*

4

## B. Analysis

### i. Grounds of relief were not cognizable on writ.

Federal and Texas state courts limit the review of post-conviction writs to jurisdictional or fundamental defects and constitutional claims. *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002). "Violations of statutes, rules, or other non-constitutional doctrines are not recognized" on collateral review. *Id.* Further, claims that are based upon the Texas Constitution are not cognizable. *Ex parte Ducthover,* 779 S.W. 2d 76, 77 (Tex. Crim. App 1989).

In his application for writ of habeas corpus, Applicant alleged that his rights were violated because: he was not served with the indictment two days before arraignment; the indictment was not read; and, that he was not given ten days to prepare prior to plea or trial. (CR 20-56). Each of these rights is granted by way of statute rather than by the Federal Constitution. The two day notice requirement is established by Art. 26.03 of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. ART. 26.03. The reading of the indictment is established by Art. 26.11 of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. ART. 26.11. The grant of ten days for appointed counsel to prepare is established by Art. 1.051(e) of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. ART. 26.11. Each of the "rights" at issue is derived from statute rather than from a Federal

constitutional provision and are therefore not cognizable on writ. *See Ex parte Graves*, 70 S.W.3d at 10.

Additionally, the "contemporaneous objection rule" applies to collateral attacks on the judgment such as by way of application for writ of habeas corpus. *See Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989). The two day notice requirement of Art. 26.03 of the Texas Code of Criminal Procedure is forfeited if an objection is not made at the time. *See Alexander v. State*, 137 S.W.3d 127, 131 (Tex. App. Houston 1st Dist. 2004); *Cruz v. State*, 2001 Tex. App. LEXIS 6353, *6 (Tex. App. Dallas Sept. 14, 2001).

The purpose of arraignment is to fix the identity of the defendant and to hear his plea. *See* TEX. CRIM. PROC. ART. 26.02. Applicant did not allege that his identity was at issue or that he was not the individual charged by the indictment; rather Applicant clearly expressed that he was the individual so charged and that he was pleading guilty to the charge. CR 41; CR 44. The purpose of the arraignment was therefore accomplished. Applicant did not object to the failure to read the indictment; therefore this claim was implicitly waived and was not properly before the court at the habeas proceeding.

### ii. Findings of Fact

Under *Guzman*, this Court affords almost total deference to a trial court's factual findings when supported by the record, especially when those findings are

6

based upon credibility and demeanor. *Guzman*, 955 S.W.2d at 89. In this case, the trial court granted relief without the benefit of a hearing. (CR 57-60). The State contends the trial court's findings should not be 'afford total deference' in this case because they are not supported by the record as the findings are in direct conflict with the on-the-record waiver of each right at Applicant's plea. CR 42. The record in this case clearly shows that Applicant, through counsel, waived the service of the indictment two days prior to arraignment and the ten days of preparation by appointed counsel. *Id.* As such, the findings "A" and "B" by the court, that Appellee did not waive either right, are directly contradicted by the record.

### iii. Conclusions of Law

Should this Court determine that the challenged findings of fact are unsupported from the record, and thus not given 'almost total deference,' this Court, conducting *de novo* review, will determine that Conclusion of Law number "C" of the trial court's order is wholly unsupportable. *See Guzman*, 955 S.W.2d at 89; *see also Brown*, 158 S.W.3d at 453[1]. As demonstrated above, the record does not support the trial court's conclusion of law. Appellee waived both the ten days of trial preparation under Texas Code of Criminal Procedure 1.051(e) and the

---

[1] As a matter of "writ law," the conclusion that there were violations of the Texas Constitution or any statutory provision are outside the scope upon which a court can grant relief. *See Ducthover,* 779 S.W. 2d at 77; *Graves*, 70 S.W.3d at 109.

service of the indictment two days prior to arraignment. (CR 42). Having waived said rights, Applicant could not have suffered the violations the trial court concluded. The trial court abused its discretion when it granted the application for writ of habeas corpus. *See Montgomery*, 810 S.W.2d at 380.

## CONCLUSION

The State of Texas, Appellant, respectfully submits, that, for the reasons set forth herein, the trial court abused its discretion when it granted Applicant's writ application. Appellant respectfully submits that the order of the trial court should in all respects be reversed, and Applicant's conviction be reinstated.

## PRAYER

Wherefore, premises considered, the State of Texas prays the Court reverse the order of the trial court.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
Criminal District Attorney
Hidalgo County, Texas

/s/ Michael W. Morris

MICHAEL W. MORRIS, ASSISTANT
Criminal District Attorney
Hidalgo County, Texas

8

HIDALGO COUNTY COURTHOUSE
Edinburg TX 78539
Telephone #:  (956) 292-7600 ext. 8134
Facsimile #:  (956) 380-0407
State Bar No. 24076880
michael.morris@da.co.hidalgo.tx.us

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document has <u>2472</u> words and otherwise complies with Rule 9.4 of the Texas Rules of Appellate Procedure.


/s/ Michael W. Morris
Michael W. Morris


## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of the foregoing Brief of Appellant to Appellee, Applicant Sergio Rodriguez Cuellar, via first class post to c/o Carlos Cuellar, 2913 Cody, Mission Texas 78572 and to former counsel[2] Reynaldo Merino by electronic service at the email of reymerino@msn.com on September 3, 2015.


/s/ Michael W. Morris
Michael W. Morris

---

[2] Counsel Reynaldo Merino withdrew from the case; as Appellee has not sought additional counsel, the State has served both Appellee and former counsel.

9