EARL JONES V. STATE.

No. 26,394. April 29, 1953.

■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■

*John W. Carlisle,* Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This conviction is for violation of Art. 1379 P.C. in cutting merchantable timber; the punishment five years in the penitentiary.

Appellant is the same Earl Jones whose probation of a prior six year sentence was revoked, the revocation being upheld by this court in Jones v. State, No. 26,165, 261 S.W. (2d) 317. The commission of the offense here charged was the basis of such revocation.

No effort was made to cumulate the present sentence with the former sentence, and it appears doubtful that appellant will profit from a reversal hereof. He, however, is entitled to have the conviction reviewed by this court, and to another trial if the record shows reversible error.

We find it unnecessary to discuss the several contentions of appellant since the case must be reversed because of the fact that appellant was permitted to waive a jury and plead guilty before the court without being represented by counsel, by appointment of the court or otherwise.

Article 10a V.A.C.C.P. providing for the waiver of a trial by jury in a felony case less than capital, requires that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. The requirement is mandatory. See Hernandez v. State, 138 Tex. Cr. R. 4, 133 S.W. 2d 584; Wilson v. State, 157 Tex. Cr. Rep. 642, 252 S.W. 2d 197.

We construe the provision "who has no attorney" to mean an attorney who is available for the purpose of advising and consulting the accused with reference to the cause in which he is

about to waive a jury, and not an attorney whose sole responsibility and employment is in relation to other legal matters or litigation.

The testimony on motion for new trial shows that Judge Lewis, who represented appellant on the revocation of probation, did not accept employment, advise or counsel with appellant in regard to the present case, but declined to do so.

That the court offered to appoint an attorney is immaterial. Appellant could not "waive" the appointment of an attorney, and then "waive" a jury trial without counsel.

The judgment is reversed and the cause remanded.