**Ex parte William PRESTRIDGE.**

No. 36610.

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

William Prestridge, relator pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding filed originally in this Court wherein the petitioner attacks the judgment of conviction he is serving in the Texas Department of Corrections.

The indictment was in four counts, the first alleging rape, the second alleging incest, the third alleging assault with intent to commit rape, and the fourth alleging attempt to commit rape.

The judgment upon which sentence was pronounced against petitioner recites that a jury was waived and that the petitioner pleaded guilty to the charge contained in the indictment. It adjudged the defendant "guilty of the offense of Assault with the intent to commit rape, as confessed by him" and adjudged that he be punished by confinement in the state penitentiary for fifty years.

The judgment of conviction is attacked as void because of the failure of the trial court to appoint counsel to represent him upon the trial of the case.

The record before this Court reveals that petitioner did in fact plead guilty before the trial court, that he had no attorney and that no attorney was appointed to represent him.

■ Article 10a Vernon's Ann.C.C.P. provides that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. This provision is mandatory. Ex parte Williams, 169 Tex.Cr.R. 565, 336 S.W. 2d 429; Ex parte Washington, 168 Tex.Cr. R. 366, 328 S.W.2d 188.

■ We further observe that the offense alleged in the first count of the indictment does not appear to have been dismissed, and the court was without jurisdiction to try the petitioner under an indictment for that offense without a jury, it being a capital felony. Ex parte Padgett, 161 Tex.Cr.R. 498, 278 S.W.2d 865.

Also we observe that the petitioner was sentenced to serve a minimum term of 5 years, the minimum punishment provided for rape but not for assault with intent to commit rape.

■ It is ordered that the petitioner be relieved from further confinement in the penitentiary under said conviction and that he be delivered by the penitentiary authorities to the Sheriff of Orange County to answer in the District Court of such county to the indictment which was originally returned against him in said Cause No. 4268.