The STATE of Texas, Appellant,

v.

Kendell Gene FINSTAD, Appellee.

No. 10–93–070–CR.

Court of Appeals of Texas,
Waco.

Dec. 15, 1993.

Andy J. McMullen, Dist. Atty., Ben L. Stool, Asst. Dist. Atty., Hamilton, for appellant.

Steve Robertson, P.C., Robertson & Robertson, Clifton, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

VANCE, Justice.

Kendell Gene Finstad was indicted for driving while intoxicated. *See* Tex.Rev.Civ. Stat.Ann. art. 6701*l*–1 (Vernon Supp.1993).

The indictment alleged that he had previously been convicted of the same offense on two occasions. *See id.* art. 6701*l*–1(e). The first prior offense is alleged to have occurred on May 21, 1985, and the second prior offense on June 6, 1991.

Finstad filed a motion to quash the indictment, alleging that each of the underlying convictions is void because he had not been admonished of the dangers and disadvantages of self-representation. At the hearing on the motion, he offered certified copies of certain instruments from the 1985 conviction, including the Docket sheet, Appearance Bond, Complaint and Information, Warning of Rights, Judgment, Exhibit to an Application for Probation, Waiver of Rights, and Order Reducing Sentence and Terminating Probation. He also offered copies of certain instruments from the 1991 conviction, including the Docket sheet, Appearance Bond, Complaint and Information, Application for Misdemeanor Probation, Waiver of Jury Trial and Representation by an Attorney, Warning, Jury Waiver and Stipulation of Evidence, Judgment, and Order Reducing Sentence and Terminating Probation. The court admitted the exhibits into evidence and, at the conclusion of the hearing, granted Finstad's motion to quash the indictment. The State gave notice of appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1993).

Article 1.051 of the Code of Criminal Procedure, titled "right to representation by counsel," was adopted effective September 1, 1987. *Id.* art. 1.051 (Vernon Supp.1993). Although it is limited to "adversarial judicial proceedings," that term is not defined. *Id.* The article requires a court to advise a defendant who wishes to "waive his right to counsel" of the dangers and disadvantages of self-representation.[1] *Id.* art. 1.051(g). The

wording of article 1.051 presents several questions: Has a defendant who appears in court, waives his right to counsel, and enters a plea of "guilty" or "no contest," engaged in an "adversarial judicial proceeding"?[2] In adopting article 1.051, did the Legislature, as the State suggests, "confuse" two rights, *i.e.,* the right to the assistance of counsel and the right to assert self-representation? Or, did it by design change the time when admonishments of the dangers and disadvantages of self-representation must be given, recognizing that a defendant must *waive* his right to counsel before he can *assert* his right to self-representation? If an admonishment is necessary before a defendant can waive his right to counsel and plead guilty, does the failure of the record to reflect that the admonishments were given result in a constitutionally infirm conviction that cannot be used for enhancement purposes?

The State concedes that the records do not *affirmatively* show that Finstad was warned of the dangers and disadvantages of self-representation but says that the record of each conviction is sufficient to conclude that Finstad voluntarily and intelligently waived his right to counsel and pleaded guilty; alternatively, the State says that the warning was not required at the time of the 1985 conviction. The State also asks us to follow the decision of the Austin Court of Appeals in *Cooper v. State,* 854 S.W.2d 303 (Tex.App.— Austin 1993, no pet.), where the court, following *Johnson v. State,* 614 S.W.2d 116 (Tex. Crim.App.1981) (on rehearing), held that "an admonishment as to the dangers and disadvantages of self-representation need only be given in cases in which the defendant's guilt is contested."[3]

Finstad, on the other hand, asserts that the decision in *Goffney v. State* controls the disposition of this case. *See Goffney v. State,*

---

1. We have found no case in which a defendant has collaterally attacked a conviction obtained on a guilty plea for failure of the trial judge to comply with the admonishment requirement of article 1.051.

2. Although presented in a different context, *i.e.,* whether a confession was obtained in violation of the defendant's constitutional right to counsel, we have recognized that article 1.051(g) "required a court to advise [the defendant] of the dangers and disadvantages of self-representation before he could waive his right to counsel."

*Green v. State,* 839 S.W.2d 935, 941 (Tex.App.— Waco 1992, pet. ref'd). Indeed, the *Green* opinion is the only one our research has revealed that mentions "adversarial judicial proceeding." *Id.*

3. In *Johnson,* the Court recognized that a person who appears in court without counsel to confess his guilt is equally without counsel as one who appears in court to contest it. *Johnson v. State,* 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (on rehearing). "However, 'self-representation,' as enunciated in *Faretta,* applies only to the latter and not to the former." *Id.*

843 S.W.2d 583 (Tex.Crim.App.1992). Goffney represented himself at trial on a not-guilty plea, and the Court of Criminal Appeals reversed his conviction holding that "prior to any act of self-representation by the defendant, the record should reflect that the admonishments [concerning *pro se* representation] were given to the defendant." *Id.* at 585. The Court did not discuss whether right-to-counsel admonishments are required under article 1.051 but held that a written waiver is not mandated by that article. *Id.* (citing *Burgess v. State,* 816 S.W.2d 424, 431 (Tex.Crim.App.1991)). We do not find *Goffney* controlling because it involved a trial after a not-guilty plea rather than a plea of guilty or no-contest.

We are inclined to follow the *Cooper* holding that article 1.051 should not be interpreted to require admonishments about self-representation when a defendant proceeds without counsel to a guilty plea. *See Cooper,* 854 S.W.2d at 304; TEX.CODE CRIM.PROC.ANN. art. 1.051(g). We agree that article 1.051(g) does not require that the court admonish a defendant about the dangers and disadvantages of self-representation before approving a waiver of his right to counsel and accepting a plea of guilty or no-contest. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(g).

The order granting Finstad's motion to quash the indictment is reversed, and the cause is remanded for trial.