**Steven Jerald McCAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–348–CR.**

Court of Appeals of Texas, Waco.

July 12, 2000.

Andrew W. Lucas, Martin, Showers, Smith & McDonald, L.L.P., Hillsboro, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Steven Jerald McCain pled nolo contendere to Indecency with a Child—Exposure with the benefit of a plea recommendation from the State for a six year probated sentence. He was found guilty and sentenced in accordance with the plea agreement. A petition for revocation of the probated sentence was filed by the State. McCain filed a postconviction writ of habeas corpus complaining of the denial of counsel in violation of Art. 1.13(c) of the Texas Code of Criminal Procedure and the 6th Amendment. After a hearing on the merits, the district court denied the relief sought. McCain now appeals from that order. We affirm.

### FACTS

Steven Jerald McCain, was convicted of the felony offense of Indecency With a Child—Exposure. McCain appeared before the court on June 11, 1999 and waived

his right to be charged by grand jury indictment, right to representation by counsel, right to trial by jury, and the right to confront and cross-examine witnesses before entering a plea of nolo contendere to the charged offense. McCain then asserted his right against self-incrimination. There was a brief continuance after which an agreed stipulation of evidence was introduced into evidence. The plea was accepted by the trial court. The trial court found McCain guilty and sentenced McCain to six years in prison, probated for a term of six years in accordance with the agreement. The court then notified him of his right to appeal. No appeal was taken.

On September 27, 1999, a petition to revoke the probation of the sentence was filed by the State and a capias (warrant for his arrest) was issued. McCain was arrested and placed in jail. Subsequently, McCain was appointed an attorney. Prior to the disposition of the State's motion, McCain applied for a writ of habeas corpus seeking relief from his conviction on the grounds that he was denied counsel in violation of Art. 1.13(c) of the Texas Code of Criminal Procedure and the 6th Amendment of the U.S. Constitution. The district court, after considering the application for writ of habeas corpus, issued an order granting the writ and setting the matter for a hearing. The district court conducted the hearing on McCain's application, issued an order finding his waiver to be valid, and denied his requested relief. McCain appeals from that order.

### APPELLATE JURISDICTION

■ The denial of habeas corpus relief is appealable after the trial court issues a writ and rules on the merits. *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim.App.1998). Therefore, because the trial court issued the writ, conducted a hearing on the merits of McCain's claims, denied McCain's requested relief, and McCain timely filed his notice of appeal, we have jurisdiction. *Id .; Apolinar v.*

*State*, 820 S.W.2d 792, 793–94 (Tex.Crim. App.1991).

### WAIVER UNDER THE HELMS RULE

In issue one, McCain questions whether a conviction is void under Article 1.13(c) of the Texas Code of Criminal Procedure if a criminal defendant charged with a felony is not appointed an attorney to represent him prior to waiving the right to trial by jury. He relies on a line of cases with holdings to that effect. *Ex parte Higginbotham*, 382 S.W.2d 927 (Tex.Crim.App.1964); *Ex parte Ross*, 165 Tex.Crim. 246, 305 S.W.2d 958 (1957); *Jones v. State*, 158 Tex.Crim. 507, 257 S.W.2d 301 (1953); *Ex parte Rawlins*, 158 Tex.Crim. 346, 255 S.W.2d 877 (1953); *Hernandez v. State*, 138 Tex.Crim. 4, 133 S.W.2d 584 (1939); *Wilson v. State*, 157 Tex.Crim. 642, 252 S.W.2d 197 (1952); *Ex parte Jenkins*, 433 S.W.2d 701 (Tex. Crim.App.1968); *Ex parte Burns*, 441 S.W.2d 532 (Tex.Crim.App.1969); *Ex parte Washington*, 168 Tex.Crim. 366, 328 S.W.2d 188 (1959); *Ex parte Williams*, 169 Tex.Crim. 565, 336 S.W.2d 429 (1960); *Ex parte Kelley*, 161 Tex.Crim. 330, 277 S.W.2d 111 (1955); *Ex parte Strother*, 395 S.W.2d 629 (Tex.Crim.App.1965); *Ex parte Prestridge*, 373 S.W.2d 494 (Tex.Crim.App. 1963); *Ex parte Meadows*, 279 S.W.2d 870 (Tex.Crim.App.1955); *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.1975), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975).

Article 1.15 of the Texas Code of Criminal Procedure provides that a defendant cannot be convicted of a felony without the verdict of a jury unless the defendant waived that right in compliance with Articles 1.13 and 1.14. TEX. CODE CRIM. PROC. ANN. arts. 1.13, 1.14, and 1.15 (Vernon Supp.2000). Article 1.13(c) provides:

A defendant may agree to waive a jury trial regardless of whether the defendant is represented by an attorney at the time of making the waiver, but before a defendant charged with a felony who has no attorney can agree to waive

the jury, the court must appoint an attorney to represent him.

*Id.* Article 1.14(a) provides that a defendant may waive any rights but specifies the manner of waiver in only one instance not applicable in this case. *Id.* This statute was initially passed in response to wide-spread discontent with a judicial system that allows offenders to be acquitted on mere "technicalities." *Casares v. State,* 703 S.W.2d 246, 250 (Tex.App.—Corpus Christi 1985, pet. ref'd) (Nye, C.J., concurring).

■ The record before us reflects that the defendant's waiver of a trial by a jury occurred before the defendant entered his plea. According to the *Helms* rule, a voluntary plea of guilty or nolo contendere entered with or without an agreed recommendation of punishment by the State waives all nonjurisdictional errors which may have occurred *before* entry of the plea. *Young v. State,* 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000); *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972). In *Young,* the Court of Criminal Appeals modified *Helms* to the extent that a defendant's right to challenge errors occurring prior to the entry of a plea of guilty or nolo contendere will be considered waived or forfeited "only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young,* 8 S.W.3d at 666–67 (Tex.Crim.App.2000). The *Helms* rule does not apply to errors "occurring at or after entry of [the] plea." *Daw v. State,* 17 S.W.3d 330, 331 (Tex. App.—Waco 2000); *Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994). It is important to note that all of the cases relied upon by McCain, with the exception of one, were decided prior to the *Helms* rule. The only case cited by McCain in support of this issue that was decided after *Helms* was *Ex parte Ross,* in which the defendant unsuccessfully argued to have extended to misdemeanor defendants the right of counsel prior to the court's accepting a waiver of trial by jury. *Ross,* 522

S.W.2d at 223. The *Helms* rule was not discussed in that case.

■ Notwithstanding his waiver of trial by jury in conformity with art. 1.13(a), McCain questions whether he should have been appointed counsel prior to his waiver of trial by jury in accordance with art. 1.13(c). This constitutes a complaint of nonjurisdictional error which occurred *before* the entry of McCain's plea of nolo contendere. Furthermore, McCain's judgment of guilt is independent of, and is not supported by the error alleged in connection with the waiver of trial by jury. Accordingly, the *Helms* rule bars McCain from asserting this complaint on appeal. *See Young,* 8 S.W.3d 656. Issue one is overruled.

### ISSUE TWO—VALID WAIVER OF RIGHT TO COUNSEL

■ In issue two, McCain asserts that he did not knowingly, intelligently, and voluntarily waive his right to counsel if he was not admonished of the dangers and disadvantages of self-representation. McCain treats this as a single issue. It is not. The knowing, intelligent, and voluntary waiver of the right to counsel is one issue. Whether a defendant is entitled to admonishments against self-representation is another issue. Finally, whether the admonishments against self-representation were adequate is a third issue. We will first determine whether the trial court was required to give him any admonishments regarding self-representation.

■ McCain relies upon *Faretta* in which the Supreme Court held that the defendant must be admonished of the dangers and disadvantages of self-representation. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In *Johnson,* the Court of Criminal Appeals distinguished *Faretta,* holding that the trial court is not required to admonish the defendant about the dangers and disadvantages of self-representation when the defendant does not contest his

guilt. *Johnson v. State,* 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (on rehearing). Where the defendant appears in court without representation and confesses his guilt, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary, and intelligent waiver of counsel." *Johnson,* 614 S.W.2d at 119. Thus, "an admonishment as to the dangers and disadvantages of self-representation need only be given in cases in which the defendant's guilt is contested." *State v. Finstad,* 866 S.W.2d 815, 817 (Tex.App.— Waco 1993, pet. ref'd). *Finstad* followed *Johnson* and held that article 1.051 of the Texas Code of Criminal Procedure does not require the court to admonish a defendant regarding the dangers and disadvantages of self-representation before approving a waiver of defendant's right to counsel and accepting a plea of guilty. *Id.*

We acknowledge the tension between the concepts of a defendant who without the benefit of counsel decides not to contest his guilt and has not been cautioned of the dangers of self-representation, and a defendant properly admonished who may decide to have counsel appointed and then chooses to contest his guilt. However, we will not resolve this tension. *Johnson* is controlling in this instance. Thus, because McCain did not contest his guilt, the trial court was not required to admonish him as to the dangers and disadvantages of self-representation.

■ However, just because he is not entitled to the admonishments of the dangers and disadvantages of self-representation does not resolve the question of whether his waiver of the right to counsel was proper. Thus, we must now determine whether it appears from the record that McCain knowingly, voluntarily, and intelligently waived his right to counsel.

*Johnson,* 614 S.W.2d at 120. As stated in *Johnson:*

> It is recognized that a person who appears in court without counsel to confess his guilt is equally without counsel as one who appears in court to contest it. However, "self-representation," as enunciated in *Faretta,* applies only to the latter and not to the former. In the former, the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary, and intelligent waiver of counsel.

*Johnson,* 614 S.W.2d at 119–20. To decide whether a defendant's waiver is knowing and intelligent, the court must make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. *Geeslin v. State,* 600 S.W.2d 309, 313 (Tex. Crim.App.1980).

■ In this case, the records reflects that the trial judge inquired into all that is required and more.[1] He inquired into McCain's prior experience with the criminal justice system, an area that he could appropriately consider in determining whether the waiver of counsel was knowingly and intelligently made. *Ex parte Ross,* 522 S.W.2d 214, 222 (Tex.Crim.App. 1975), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975). Additionally, the trial court conducted an inquiry as to McCain's age and educational background, and did in fact discuss the respective advantages and disadvantages of having an attorney present on the one hand and representing himself on the other. This was all appropriate for the trial court to consider in determining whether McCain was capable of making a knowing and intelligent waiver of the right to counsel.

---

1. The record in this case is exemplary. The trial court was clearly aware that the defendant was young, 17 years old, and took additional care, above minimum due process, to satisfy himself that the defendant understood the nature of the proceedings and consequences thereof.

**570**

The record also reflects that McCain signed a separate document acknowledging that he had been advised of his right to counsel and that he knowingly and intelligently waived that right. Furthermore, he answered in the affirmative when questioned by the court whether he had freely, and voluntarily, and intelligently given up his right to an attorney. There is no evidence in the record to the contrary, nor is there any evidence that Appellant was coerced or intimidated in any way into signing the written waiver. Thus, the record is sufficient to support the trial court's finding that McCain's waiver of the right to counsel was valid. *See Blocker v. State*, 889 S.W.2d 506, 508 (Tex.App.—Houston [14th Dist.] 1994, no pet.) (evidence sufficient to support finding of free, voluntary, intelligent waiver where defendant signed waiver statement and no contradictory evidence found in record). Issue two is overruled.

### CONCLUSION

Having resolved both issues against McCain, we affirm the order of the trial court.

Justice VANCE dissenting.

VANCE, Justice, dissenting.

The availability of the writ of habeas corpus has traditionally been restricted to instances where the trial court's judgment is void, and cannot be invoked for mere irregularities in the proceedings. *Ex parte Sadberry*, 864 S.W.2d 541, 542 (Tex. Crim.App.1993); *see, e.g., Ex parte Banks*, 769 S.W.2d 539, 540 (Tex.Crim.App.1989) (habeas corpus available only to review jurisdictional defects or denials of fundamental or constitutional rights). Generally, claims that are based merely on a state statute will not be considered, and a Texas constitutional claim may be considered only if the claim is not susceptible to a harmless error analysis. *Ex parte Dutchover*, 779 S.W.2d 76, 77–78 (Tex.Crim.App. 1989). Finally, the writ should not be used to litigate matters which should have been raised on appeal. *Ex parte Sanchez*, 918 S.W.2d 526, 527 (Tex.Crim.App.1996).

As mentioned above, the fact that a conviction is "void" may be raised in a habeas corpus proceeding. *Heath v. State*, 817 S.W.2d 335, 336 (Tex.Crim.App.1991). The Court of Criminal Appeals has stated, "[T]he provisions of Article 1.13, and its predecessor Article 10a, are mandatory; before a defendant who has no attorney can agree to waive a jury trial in a noncapital felony, the court must appoint an attorney to represent him or the resulting conviction will be *void*." *Ex parte Ross*, 522 S.W.2d 214, 223 (Tex.Crim.App.1975) (emphasis added). Article 1.13(c) has not changed, and *Ex parte Ross* has not been overruled. TEX. CODE CRIM. PROC. ANN. art. 1.13(c) (Vernon Supp.2000); *Ex parte Ross*, 522 S.W.2d at 223.

Consequently, I would hold that McCain's attack on his conviction is cognizable in habeas corpus because it is void. As a result, I would grant McCain's requested relief. Because the majority does not, I dissent.