

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1245-06

---

### JANET LORRAINE WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### BRAZORIA COUNTY

---

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. WOMACK, J., not participating.

### O P I N I O N

The Court of Appeals held that Janet Lorraine Williams's waiver of her right to counsel was invalid because the trial judge failed to inquire into her indigent status and admonish her about the right to appointed counsel.[1] The court held that the error was

---

[1] *Williams v. State*, 194 S.W.3d 568, 575-79 (Tex. App.—Houston [14th] 2006).

structural constitutional error that is categorically immune to a harm analysis.[2] We granted review to determine whether the court's refusal to apply a harm analysis was incorrect. We hold that the court was correct and affirm its judgment.

**Background**

Williams was charged with the Class A misdemeanor offense of terroristic threat[3] for threatening to assault a teacher's assistant at her son's elementary school. Williams pled not guilty, and when she appeared for trial, she did not have counsel. The trial judge took note of this and questioned Williams. Williams told the judge that she wanted to represent herself. The trial judge then engaged in a brief colloquy with Williams about her desire to proceed *pro se*. During this discussion, the trial judge informed Williams of the charge, the applicable range of punishment, and warned her that she would be dealing with an "experienced prosecutor." Although the judge told Williams that she had the "right" to an attorney, the judge neither informed Williams that she would be entitled to an attorney if she could not afford one nor inquired into Williams's indigent status even though Williams stated that she did not hire an attorney because she could not afford one. Despite the inadequate admonishments, the judge allowed Williams to represent herself. A jury found Williams guilty and assessed her punishment at thirty days' confinement in the county jail and a $1.00 fine. However, the jury suspended the sentence and placed Williams on community

---

[2] *Id.* at 579.

[3] TEX. PENAL CODE ANN. § 22.07(a)(2) (Vernon 2003).

supervision for six months.

Williams filed a notice of appeal and a sworn affidavit of indigency. After a short indigency hearing, the trial judge determined that Williams was indigent and appointed her counsel for appeal.

On appeal before the Fourteenth Court of Appeals, Williams claimed, among other things, that her decision to waive counsel was not made knowingly, intelligently, and voluntarily because the trial judge failed to adequately address her indigent status and her right to appointed counsel as required by *Faretta v. California*.[4] The court of appeals determined that Williams's waiver of her right to counsel was invalid.[5] In doing so, the court stated: "Without knowing whether she was entitled to appointed trial counsel, appellant's waiver of her right to counsel was not made knowingly, intelligently, and voluntarily as required by the Sixth and Fourteenth Amendments."[6] Turning to the question of whether the error was harmless, the court held that the error was fundamental and not subject to a harmless error analysis under Texas Rule of Appellate Procedure 44.2.[7] As a result, the court reversed the trial court's judgment and remanded the case for a new trial.[8]

---

[4] *Williams*, 194 S.W.3d at 575; *Faretta v. California*, 422 U.S. 806, 818 (1975).

[5] *Williams*, 194 S.W.3d at 575-76.

[6] *Id.* at 578-79.

[7] *Id.*

[8] *Id.* at 579.

Focusing only on the court of appeals's refusal to apply a harm analysis, the State petitioned for review, presenting two grounds for our consideration:

(1)     whether any error in the trial court's admonishments to the defendant regarding self-representation was a non-structural constitutional error subject to harm analysis, and

(2)     whether the court of appeals erred by not performing a harmless error analysis under Rule 44.2 of the Texas Rules of Appellate Procedure.

We granted the State's petition and now hold that, under the facts of this case, the court of appeals did not err.

## Law and Analysis

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."[9] The right to counsel at trial is regarded as fundamental.[10] The assistance of counsel protects a defendant's right to a fair trial;[11] counsel ensures that the prosecution's case is subjected to meaningful adversarial testing[12] and safeguards the defendant's rights.[13] An indigent defendant is

---

[9] U.S. CONST. AMEND. VI; *Gideon v. Wainwright*, 372 U.S. 335, 340-45 (1963).

[10] *Gideon*, 372 U.S. at 343-44; *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984).

[11] *Gideon*, 372 U.S. 343-44; *Faretta*, 422 U.S. at 832-33.

[12] *United States v. Cronic*, 466 U.S. 648, 659 (1984); *Strickland*, 466 U.S. at 685.

[13] *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986) (citing *Maine v. Moulton*, 474 U.S. 159, 168-70 (1985); *Cronic*, 466 U.S. at 653; Schaefer, *Federalism and State Criminal Procedure*, 70 HARV. L. REV. 1, 8 (1956)).

therefore entitled to appointed counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel.[14]

The Sixth Amendment also includes the reciprocal right to self-representation.[15] However, "the right to self-representation does not attach until it has been clearly and unequivocably asserted."[16] Once asserted, under *Faretta*, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"[17] When advising a defendant about the dangers and disadvantages of self-representation, the trial judge must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights."[18] But a trial judge has no duty to inquire into an accused's "age, education, background or previous mental history in every instance where an accused expresses a desire

---

[14] *Gideon*, 372 U.S. at 340-45; *Johnson v. Zerbst*, 304 U.S. 458, 464-65, 467-68 (1938); *Faretta v. California*, 422 U.S. 806, 818 (1975).

[15] *Faretta*, 422 U.S. at 818. *But see Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163 (2000).

[16] *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 835; *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982)).

[17] *Id.* at 835 (citing *Adams v. United States*, 317 U.S. 269, 279(1942)). *But see Iowa v. Tovar*, 541 U.S. 77, 81 (2004); *Patterson v. Illinois*, 487 U.S. 285, 299 (1988).

[18] *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).

to represent himself[.]"[19]

"'[C]ourts indulge every reasonable presumption against waiver' and . . . 'do not presume acquiescence in the loss of fundamental rights.'"[20] The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary.[21] To assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."[22]

A complete denial of the constitutional right to counsel at trial is a structural defect that affects the framework of the trial.[23] When the right to trial counsel has been violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable.[24] So although most constitutional errors are subject to a harm analysis,[25] the complete denial

---

[19] *Goffney v. State*, 843 S.W.2d 583, 584-85 (Tex. Crim. App. 1992).

[20] *Zerbst*, 304 U.S. at 464.

[21] *Id.* at 465.

[22] *Id.* at 464.

[23] *Johnson v. United States*, 520 U.S. 461, 468-69 (1997) (citing *Gideon*, 372 U.S. at 339-47); *Arizona v. Fulimante*, 499 U.S. 279, 309 (1991).

[24] *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); *Cronic*, 466 U.S. 659-61.

[25] *Chapman v. California*, 386 U.S. 18, 24 (1967); *Rose v. Clark*, 478 U.S. 570, 576-77 (1986) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)); *Rushen v. Spain*, 464 U.S. 114, 118 (1983) (per curiam); *United States v. Hasting*, 461 U.S. 499, 508-09 (1983); *Moore v. Illinois*, 434 U.S. 220, 232 (1977); *Milton v. Wainwright*, 407 U.S. 371 (1972); *Chambers v. Maroney*, 399 U.S. 42, 52-53 (1970); *Hopper v. Evans*, 456 U.S. 605, 613-14 (1982)); *see generally Johnson v. State*, 169 S.W.3d 223, 229-33

of the right to counsel at trial is not.[26] In accord with this principle, we have recognized that when the record does not affirmatively show that the defendant was sufficiently admonished as required by *Faretta*, it is reversible error, not subject to a harm analysis.[27]

Before us, the State claims that the trial judge's failure to sufficiently admonish Williams regarding *pro se* representation is non-structural constitutional error that is subject to a harm analysis. Thus, the State contends that the court of appeals should have determined whether the trial judge's failure to admonish Williams more fully was harmless beyond a reasonable doubt.[28] Toward that end, the State urges us to follow the approach taken by the Fort Worth Court of Appeals in *Fulbright v. State*.[29] There, the appellant argued that the trial judge erred in failing to appoint counsel because he never waived his right to counsel and because the trial judge failed to adequately admonish him about the dangers and disadvantages of self-representation.[30] The court of appeals disagreed and held that "the record shows the trial court adequately admonished appellant regarding the dangers and

---

(Tex. Crim. App. 2005).

[26] *Gideon*, 372 U.S. at 339-47; *Cronic*, 466 U.S. at 659; *see also Clark*, 478 U.S. at 578.

[27] *Goffney*, 842 S.W.2d at 584-85; *Powell v. State*, 632 S.W2d 354, 355 (Tex. Crim. App. 1982); *Johnson v. State*, 614 S.W.2d 116, 117-19 (Tex. Crim. App. 1981); *Linsey v. State*, 574 S.W.2d 144, 145-47 (Tex. Crim. App. 1978).

[28] *See Chapman*, 386 U.S. at 24; TEX. R. APP. P. 44.2(a).

[29] 41 S.W.3d 228, 235-36 (Tex. App.—Fort Worth 2001, pet. ref'd).

[30] *Id*. at 234.

disadvantages of self-representation, so that he intelligently and knowingly waived his right to counsel and instead chose to represent himself."[31] The court went on to say, in *dicta*, that even if the trial judge's admonishments were insufficient, the error was harmless.[32]

Looking to Rule 44.2(a) of the Texas Rules of Appellate Procedure, the Fort Worth Court of Appeals stated: "The question here is whether the trial court's alleged failure to admonish more fully was harmless beyond a reasonable doubt."[33] Concluding that the alleged error was harmless, the court reasoned that the appellant intended to represent himself "irrespective of the trial court's admonishments or advice that he choose to be represented by counsel."[34] The court observed that the appellant "had a history of firing court-appointed attorneys in this and other cases[;]" the appellant had represented himself in municipal court in the past and was, at the time of his trial, representing himself in a Dallas case.[35] The court stated that the error was not a factor in the appellant's decision to waive counsel and represent himself or in the outcome of the trial based on the facts of the case.[36]

Adopting the rationale of the Forth Worth Court of Appeals, the State argues that the

---

[31] *Id*. at 235.

[32] *Id*.

[33] *Id*.

[34] *Id*. at 236.

[35] *Id*.

[36] *Id*.

trial judge's failure to inquire into Williams's indigency and admonish her about her right to appointed counsel was not a factor in her decision to waive counsel and represent herself. The State further contends that, had Williams been properly admonished, the outcome of the trial would have been no different. Finally, Williams, the State maintains, was not "refused counsel" because of the trial judge's insufficient admonishments.

Williams and Texas Appleseed as *amicus curiae* for Williams argue that Williams was denied her right to trial counsel due to the trial judge's failure to obtain a knowing, intelligent, and voluntary waiver. They contend that the error was structural error and not subject to a harmless error analysis. Addressing the State's argument that the error was harmless, Williams and Texas Appleseed maintain that the State is attempting to speculate about what impact counsel would have had on Williams's trial had she been properly admonished. They also argue that the State has created a false and meaningless distinction between a "refusal" to appoint counsel and a "denial" of the right counsel.

The application of a harm analysis is dependent on the type of error or violation at issue in this case. The court of appeals held that Williams's waiver was not made knowingly, intelligently, and voluntarily because the trial court failed to inquire into Williams's indigent status and admonish Williams about her right to appointed counsel.[37] By holding that Williams's waiver of her right to trial counsel was not made knowingly, intelligently, and voluntarily, the court determined that her waiver was invalid. The State does not challenge

---

[37] *Williams*, 194 S.W.3d at 578-79.

this holding, and although it characterizes the error as one involving insufficient admonishments, the particular error at issue concerns instead an invalid waiver of the right to counsel.[38]

An invalid waiver waives nothing; therefore, Williams's right to trial counsel remained intact.[39] As a result, Williams was entitled to be represented by counsel during her trial. And because the trial judge allowed Williams to represent herself without a valid waiver of the right to counsel, Williams was denied her right to trial counsel. Contrary to the State's assertion, the fact that the trial judge did not explicitly "refuse" counsel is of no consequence. Williams's failure to request the assistance of counsel at trial did not forfeit her right to counsel.[40] Indeed, a defendant cannot be expected to assert the right to appointed trial counsel if the defendant is unaware of the right.[41]

We conclude that Williams's trial was rendered fundamentally unfair and unreliable because she was denied the right to appointed counsel. The application of a harmless error

---

[38] *See Cordova v. Baca*, 346 F.3d 924, 926-27 (9th Cir. 2003) (discussing the difference between a defective *Faretta* colloquy and an ineffective waiver of the right to trial counsel and noting the potential application of a harmless error analysis to a defective *Faretta* colloquy to find an effective waiver); *see also United States v. Virgil*, 444 F.3d 447, 456-47 (5th Cir. 2006) (recognizing that a defective waiver colloquy, as opposed to a defective waiver, may be subject to a harmless error analysis).

[39] *See Alabama v. Shelton*, 535 U.S. 654, 658 (2002).

[40] *Gideon*, 372 U.S. at 340 (citing *Zerbst*, 304 U.S. at 465); *Oliver v. State*, 872 S.W.3d 713, 715-16 (Tex. Crim. App. 1994).

[41] *See Tovar*, 541 U.S. at 81; *Patterson*, 487 U.S. at 299; *cf. Miranda v. Arizona*, 384 U.S. 436, 473 (1966).

analysis is therefore not appropriate; prejudice is presumed.

The State's harmless-error arguments serve as a reminder of why a total deprivation of trial counsel requires automatic reversal. In arguing that the error was harmless, the State contends that the record shows that Williams "intended to represent herself irrespective of the trial court's admonishments or advice, and that she specifically chose to represent herself." Additionally, the State argues that, under the facts of this case, the outcome of the trial would not have been different. These arguments, as noted by Williams, are purely speculative, and it is the speculative nature of these arguments that makes an assessment of harmlessness impossible.

When a defendant's waiver is invalid and, as a result, the right to appointed trial counsel is violated, a court cannot, with any accuracy, predict what would have occurred in the absence of the violation.[42] We do not know whether Williams would have accepted the assistance of appointed counsel had she been properly admonished by the trial judge. Moreover, in arguing that the outcome of the trial would have been the same, the State ignores the fact that "[t]he entire conduct of the trial from beginning to end is obviously affected by the absence of counsel . . . ."[43] Thus, in this case, there is simply no way to discern what the outcome would have been had Williams been represented by counsel.

---

[42] *Cf. Satterwhite*, 486 U.S. at 256-57; *Penson v. Ohio*, 488 U.S. 75, 87 (1988) ("Mere speculation that counsel would not have made a difference is no substitute for actual appellate advocacy, particularly when the court's speculation is itself unguided by the adversary process.").

[43] *Fulminate*, 499 U.S. at 309-10.

## Conclusion

Because Williams was allowed to represent herself at trial in the absence of a valid waiver of her right to counsel, we hold that the court of appeals did not err in refusing to conduct a harmless error analysis. The judgment of the court of appeals is affirmed.

DATE DELIVERED: January 16, 2008
PUBLISH