In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00064-CR


____________________



EX PARTE JOSEPH ALLEN MCLAREN






On Appeal from the 9th District Court 


Montgomery County, Texas


Trial Cause No. 97-03-00496 CR






MEMORANDUM OPINION


 Joseph Allen McLaren filed notice of appeal of findings of fact and conclusions of
law signed by the trial court on January 28, 2009. We questioned our jurisdiction over the
appeal, and the parties filed replies. McLaren's conviction and fourteen-year sentence was
affirmed on appeal. See McLaren v. State, 996 S.W.2d 404 (Tex. App.--Beaumont 1999, pet.
ref'd). McLaren subsequently filed a petition for writ of habeas corpus in which he sought
credit on his sentence for the time he spent at liberty after filing an appeal bond but subject
to court-ordered restrictive provisions as a condition of the bond that curtailed his freedom
of movement. The trial court signed findings of fact and conclusions of law. McLaren
contends that we have jurisdiction because the trial court implicitly denied the petition for
writ of habeas corpus. 

 McLaren cites Ex parte Okere and McCain v. State as authority for the exercise of
original jurisdiction by the trial court and the exercise of appellate jurisdiction by this court.
See Ex parte Okere, 56 S.W.3d 846, 852 (Tex. App.--Fort Worth 2001, pet. ref'd); McCain
v. State, 24 S.W.3d 565, 567 (Tex. App.--Waco 2000), aff'd sub nom. Ex parte McCain, 67
S.W.3d 204 (Tex. Crim. App. 2002). Okere involved a person seeking relief from a
misdemeanor judgment, not a person in the custody of the Texas Department of Criminal
Justice. Ex parte Okere, 56 S.W.3d at 849; see Tex. Code Crim. Proc. Ann. art. 11.09
(Vernon 2005). McCain concerned a habeas petition filed prior to revocation of a probated
sentence. McCain v. State, 24 S.W.3d at 567; see generally Tex. Code Crim. Proc. Ann.
art. 11.072 (Vernon 2005). McLaren was finally convicted for a felony offense and his
sentence was not suspended. Furthermore, this case does not concern pre-sentence jail-time
credit. McLaren seeks credit for time spent while at liberty during his appeal, after he was
sentenced. The Court of Criminal Appeals has exclusive jurisdiction over petitions for post-conviction writs of habeas corpus where a person in custody seeks relief from a non-capital
felony judgment. See Tex. Code Crim. Proc. Ann. art. 11.07, § 1 (Vernon Supp. 2008); Ex
parte Williams, 239 S.W.3d 859 (Tex. App.--Austin 2007, no pet.).

 Assuming the petition was not cognizable in habeas corpus, but should have been
presented through motion for judgment nunc pro tunc, a denial of such a motion would not
be appealable. See Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); Sanchez
v. State, 112 S.W.3d 311, 312 (Tex. App.--Corpus Christi 2002, no pet.). Therefore, the trial
court's order would not be appealable if, as the appellant argues, the trial court implicitly
denied his petition on the merits by signing findings of fact and conclusions of law that
recommended relief be denied by the Court of Criminal Appeals. 

 The notice of appeal filed in this case failed to invoke our appellate jurisdiction. 
Accordingly, we dismiss the appeal for want of jurisdiction. 

 APPEAL DISMISSED.


 __________________________________

 CHARLES KREGER

 Justice


Opinion Delivered April 1, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.