

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00096-CR

NOEL CHRISTOPHER HUGGINS,

                                   **Appellant**

 v.

THE STATE OF TEXAS,

                                   **Appellee**

---

### From the 66th District Court
### Hill County, Texas
### Trial Court No. F071-17

---

## OPINION

---

Appellant, Noel Christopher Huggins, pleaded guilty to possession of less than one gram of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. Appellant also pleaded "true" to one of two enhancement paragraphs contained in the indictment.[1] The trial court accepted appellant's guilty plea, found both of the

---

[1] Appellant pleaded "not true" to the enhancement paragraph pertaining to his prior conviction for failure to register as a sex offender.

enhancement paragraphs to be true, and sentenced appellant to eighteen years'
incarceration.

In two issues, appellant contends that: (1) his waivers of counsel were not made
knowingly and intelligently because the trial court did not admonish him about the
dangers and disadvantages of self-representation; and (2) the trial court denied him his
statutory right to withdraw his waiver of the right to counsel under article 1.051(h) of the
Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(h). We
affirm.

## I. APPELLANT'S WAIVER OF COUNSEL

In his first issue, appellant argues that the failure of the trial court to admonish
him about the dangers and disadvantages of self-representation under *Faretta v. California*
rendered his waivers of the right to counsel unknowing and involuntary. *See* 422 U.S.
806, 835-36, 95 S. Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

First, we address appellant's complaint about the trial court's failure to provide
*Faretta* admonishments about the dangers and disadvantages of self-representation. *See*
*Faretta*, 422 U.S. at 835-36, 95 S. Ct. at 2541. The Sixth and Fourteenth Amendments to the
United States Constitution give criminal defendants in state courts a constitutional right
to counsel and the corresponding right to self-representation. *See id.* at 818-20, 95 S. Ct.
at 2532-33; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(f) ("A defendant may
voluntarily and intelligently waive in writing the right to counsel."). "However, 'the

right to self-representation does not attach until it has been clearly and unequivocally asserted.'" *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 825, 95 S. Ct. at 2536)). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 242, 87 L. Ed. 268 (1942)). "Prior to any act of self-representation by the defendant, the record should reflect that the admonishments were given to the defendant." *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). "When advising a defendant about the dangers and disadvantages of self-representation, the trial judge must inform the defendant 'that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights.'" *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)).

However, despite the foregoing, the Court of Criminal Appeals distinguished *Faretta*, holding that the trial court is not required to admonish the defendant about the dangers and disadvantages of self-representation when the defendant does not contest his guilt. *See Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002); *see also Johnson v.*

*State*, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (op. on reh'g); *McCain v. State*, 24 S.W.3d 565, 568 (Tex. App.—Waco 2000), *aff'd*, 67 S.W.3d 204 (Tex. Crim. App. 2002). As this Court has previously recognized,

> Where the defendant appears in court without representation and confesses guilt, the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary, and intelligent waiver of counsel. Thus, an admonishment as to the dangers and disadvantages of self-representation need only be given in cases in which the defendant's guilt is contested.

*McCain*, 24 S.W.3d at 569. We further noted that "article 1.051 of the Texas Code of Criminal Procedure does not require the court to admonish a defendant regarding the dangers and disadvantages of self-representation before approving a waiver of defendant's right to counsel and accepting a plea of guilty." *Id.* (citing *State v. Finstad*, 866 S.W.2d 815, 817 (Tex. App.—Waco 1993, pet. ref'd)).

In the instant case, appellant did not contest his guilt to the charged offense of possession of less than one gram of methamphetamine. Therefore, because appellant did not contest his guilt, the trial court was not required to admonish him as to the dangers and disadvantages of self-representation. *See Hatten*, 71 S.W.3d at 334; *Johnson*, 614 S.W.2d at 119; *see also McCain*, 24 S.W.3d at 569.[2]

---

[2] In *McCain*, this Court specifically stated:

We acknowledge the tension between the concepts of a defendant who without the benefit of counsel decides not to contest his guilt and had not been cautioned of the dangers of self-representation, and a defendant properly admonished who may decide to have counsel appointed and then choose to contest his guilt. However, we will not resolve this tension. *Johnson* is controlling in this instance.

Nevertheless, regarding *Faretta* admonishments, appellant asserts that the *Hatten* and *Johnson* decisions are inapplicable to felony cases and are, instead, confined solely to misdemeanors. Appellant cites an unpublished 2009 memorandum opinion from the Amarillo Court of Appeals in support of his argument. *See, e.g., Castaneda v. State*, No. 07-07-0122-CR, 2009 Tex. App. LEXIS 5749, at *7 (Tex. App.—Amarillo July 27, 2009, no pet.) ("The State relies on the holding of *Hatten*, 71 S.W.3d at 334, distinguishing between defendants who contest their guilt and those who appear without an attorney to plead guilty or nolo contendere. But the Court of Criminal Appeals limited that holding to misdemeanor defendants. . . . We are unable to find an instance in which the distinction has been applied to a felony conviction, and we decline to extend the holding to appellant.").

Notwithstanding the fact that the *Castaneda* opinion is not binding on this Court, we note that *Castaneda* conflicts with this Court's own precedents in *McCain* and *Finstad*—neither of which we are inclined to overrule on these facts. *See McCain*, 24 S.W.3d at 568; *Finstad*, 866 S.W.2d at 817; *see also Carroll v. State*, 101 S.W.3d 454, 459 (Tex. Crim. App. 2003) ("'We follow the doctrine of stare decisis to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process.'" (quoting *Paulson v. State*, 28 S.W.3d 570, 571-72 (Tex. Crim. App.

24 S.W.3d 565, 569 (Tex. App.—Waco 2000), *aff'd*, 67 S.W.3d 204 (Tex. Crim. App. 2002).

2000)).  Furthermore, we note that, according to *Hatten*, whether *Faretta* warnings are required turns not on whether the case is a felony or a misdemeanor, but rather whether the defendant contested guilt.  *Hatten*, 71 S.W.3d at 334.  The *Hatten* Court only included misdemeanor language in its opinion because the offense involved was a misdemeanor.  *Id.*  Thus, we are not persuaded by appellant's contention that *Faretta* admonishments were required, even though appellant did not contest his guilt to the charged offense.  Nor are we persuaded by appellant's reliance on the unpublished *Castaneda* opinion.

However, the analysis above does not resolve the question of whether appellant's waiver of the right to counsel was proper.  As such, we must now determine whether the record demonstrates that appellant knowingly, voluntarily, and intelligently waived his right to counsel.  *McCain*, 24 S.W.3d at 569.

"'[C]ourts indulge every reasonable presumption against waiver' and . . . 'do not presume acquiescence in the loss of fundamental rights.'"  *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938)).  "The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary."  *Id.* (citing *Zerbst*, 304 U.S. at 465, 58 S. Ct. at 1023).  In assessing whether a defendant's waiver of counsel was knowingly and intelligently made, we "consider the totality of the circumstances," "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'"  *Williams*, 252 S.W.3d 356 (quoting *Zerbst*, 304 U.S. at 464, 58 S. Ct. at

1023).  However, the trial court need not follow a "formulaic questioning" or a particular "script" to evaluate a defendant's waiver of counsel.  *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

Here, appellant twice received, reviewed, and signed a document entitled, "Waiver of Counsel," whereby he knowingly waived his "right to representation by counsel, and request[ed] the Court to proceed with my case without an attorney being appointed for me."  *See Johnson*, 614 S.W.2d at 120 ("The record conclusively shows appellant was totally aware of his right to counsel, but due to the punishment assessed by the trial court, he now "second guesses" himself about his decision to appear in court without counsel.  "Second guessing" is not the equivalent nor is it synonymous with being deprived of one's right to counsel, and we so hold.").  Nothing in the record demonstrates that appellant did not understand that he was waiving his right to counsel by signing the "Waiver of Counsel" document.  *See Blocker v. State*, 889 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (holding that the evidence was sufficient to support a finding of a knowing, voluntary, and intelligent waiver where the defendant signed a waiver statement and no contradictory evidence was found in the record).  Furthermore, in his conversations on the record with the trial judge, it is clear that appellant understood English and had a reasonable understanding of the legal process, including his own statements reflecting an understanding of the discovery process in this case.  In addition, the two enhancement allegations contained in the indictment and

found "true" by the trial court indicated appellant's prior experience and familiarity with the criminal-justice system. Appellant also informed the trial court that he "recently got clean. . . . I'm going to school full-time at Hill College, trying to get my life in order." Based on the totality of the circumstances, we conclude that the record is sufficient to support the trial court's implicit finding that appellant's waivers of the right to counsel were knowing, voluntary, and intelligent and, thus, were valid. *See McCain*, 24 S.W.3d at 570. We therefore overrule appellant's first issue.

## II. APPELLANT'S WITHDRAWAL OF HIS WAIVER OF COUNSEL

In his second issue, appellant asserts that the trial court improperly denied his statutory right to withdraw his waiver of the right to counsel under article 1.051(h), which provides that a defendant may withdraw his waiver of the right to counsel "at any time." *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(h).

As stated above, a defendant may waive the right to counsel and represent himself or herself. *See Faretta*, 422 U.S. at 819-20, 95 S. Ct. at 2532; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(h). A defendant may also waive his right to represent himself after asserting that right. *McKaskle v. Wiggins*, 465 U.S. 168, 181-82, 104 S. Ct. 944, 954, 79 L. Ed. 2d 122 (1984); *see Funderburg*, 717 S.W.2d at 642 & n.5 (describing a waiver of the right to represent oneself as a "waiver of a waiver"). Indeed, article 1.051(h) of the Code of Criminal Procedure provides that:

> A defendant may withdraw a waiver of the right to counsel at any time but
> is not entitled to repeat a proceeding previously held or waived solely on

the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

TEX. CODE CRIM. PROC. ANN. art. 1.051(h).

However, a defendant's constitutional and statutory rights to withdraw his waiver of the right to counsel are not without limits. *See Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd); *see also Lewis v. State*, No. 02-12-00246-CR, 2014 Tex. App. LEXIS 1405, at **7-8 (Tex. App.—Fort Worth Feb. 6, 2014, pet. dism'd) (mem. op., not designated for publication) (noting that a defendant's constitutional and statutory rights to withdraw his waiver of the right to counsel are limited by the trial court's duty and discretion to ensure an orderly administration of justice.). A trial court may deny a request to withdraw the waiver when doing so would obstruct orderly procedure and interfere with the fair administration of justice. *See Medley*, 47 S.W.3d at 23 ("Trial courts have the duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel." (citing *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46)); *see also Marquez v. State*, 921 S.W.2d 217, 219 (Tex. Crim. App. 1996) (reviewing the withdrawal of a waiver of the Sixth Amendment right to a jury trial). Moreover, a defendant may not use his right to counsel to manipulate the court or to delay his trial. *See Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex. Crim. App. 1988). As stated in *Medley*, a defendant "does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial." 47 S.W.3d at 23; *see Johnson*

*v. State*, 257 S.W.3d 778, 781 (Tex. App.—Texarkana 2008, pet. ref'd) ("Constitutional protections connected with the right to counsel may not be so manipulated as to delay or obstruct the trial process." (citation omitted)).

The trial court's decision as to the effect the withdrawal of a defendant's waiver of the right to counsel would have on the orderly administration of justice will not be disturbed on appeal absent an abuse of discretion. *Medley*, 47 S.W.3d at 24; *see Marquez*, 921 S.W.2d at 222-23. "It will be presumed, in the absence of a showing to the contrary, that the discretionary powers of the [trial] court have been wisely exercised." *Marquez*, 921 S.W.2d at 223.

A defendant who has waived the right to counsel but then seeks to reclaim that right bears the burden of showing that his waiver would not: (1) interfere with the orderly administration of court business; (2) result in unnecessary delay or inconvenience to witnesses; or (3) prejudice the State. *Medley*, 47 S.W.3d at 23. If the evidence presented by the defendant is rebutted by the State, the trial court, or the record, then the trial court does not abuse its discretion in refusing to allow the right to be reclaimed. *Id.*

In the instant case, the trial court appointed counsel for appellant and permitted appellant to waive his right to counsel and represent himself. The trial court then accepted appellant's withdrawal of his waiver of his right to counsel and appointed appellant a second attorney. Thereafter, appellant reasserted his right to self-representation. In denying appellant's subsequent requests to withdraw his waiver of

his right to counsel, the trial court recounted that appellant had been appointed two attorneys, but appellant "got rid of both of them."

Further, appellant did not express a desire to plead guilty until there were seventy-one people in the courtroom for the venire panel. Moreover, as conveyed at the February 7, 2019 pre-trial hearing, appellant acknowledged that he fired one of his attorneys, so that he could file numerous pro se motions before trial. The record makes clear that the trial court concluded that appellant was attempting to manipulate the system by invoking his right to self-representation in order to have his pro se motions heard before attempting to reassert his right to appointed counsel. Furthermore, there is nothing in the record showing that the trial would not have been delayed if the trial court had appointed appellant another attorney.

Because appellant does not meet his burden of showing that the withdrawal of his waiver of the right to counsel would not interfere with the orderly administration of court business, result in unnecessary delay or inconvenience, or prejudice the State, and because appellant does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial, we cannot say that the trial court acted outside the zone of reasonable disagreement by denying appellant's second and subsequent requests to withdraw his prior waiver of the right to counsel. *See Marquez*, 921 S.W.2d at 223; *see also Medley*, 47 S.W.3d at 23-24. We overrule appellant's second issue.

### III.    CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Visiting Justice Wright[3]
Affirmed
Opinion delivered and filed July 7, 2021
Publish
[CR25]



---

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.